[Sac. No. 4009. Department Two.—May 25, 1928.]

D. GABRIEL, Appellant, v. BANK OF ITALY (a Corporation), Respondent.

W. E. Davies for Appellant.

Myrick, Deering and Scott for Respondent.

RICHARDS, J.—This appeal is by the plaintiff from a judgment in defendant's favor upon an order of the court granting a nonsuit at the close of the plaintiff's case. The

action was one to recover damages for personal injuries sustained by the plaintiff from a fall which occurred as he was about to enter the defendant's branch bank in the city of Marysville between the hours of 10 and 11 o'clock A. M. on March 10, 1925, and while the said bank was open for business and while the plaintiff, who was a depositor and customer of said bank, was about to enter the same on business. The building in which the business of said bank was being conducted at the time stands flush with the sidewalk with the exception that at the point where the main doorway constituting the entrance to the bank is located there is a recession about two and one-half feet in depth and about ten feet in width and within which the doors of the bank are placed. This recess, while within the property line of the bank, is in reality but an extension of the sidewalk to the point therein where the doors are placed, and while employed by those who are entering or leaving the bank on business is also open to access by the general public passing or repassing along the sidewalk in front of the bank. The plaintiff just prior to his accident had approached the bank and was in the act of entering the same on business, but while still within said recess and before opening the bank doors he slipped upon some substance, supposed to be a piece of banana or orange peel, which was lying unobserved upon the floor of said recess, and fell heavily, suffering injuries which rendered him unconscious and sustaining a fracture of the right femur bone, from the effects of which he was confined to a hospital and to his home for many weeks, with the probability that his injuries will be permanent.

Upon the trial of the cause plaintiff proved that he was a depositor and customer of said bank, and that, hence, as an invitee thereof he was about to enter it upon business, and that without any fault or negligence on his part he had slipped upon whatever substance was lying at the indicated place and had thereby sustained his aforesaid injuries. He also introduced evidence tending to show that while the defendant bank employed a janitor to clean and care for its premises before or after business hours, the duties of such caretaker ended at about six o'clock in the morning of each business day, and that during the regular business hours of the bank no one was specially charged with the duty of seeing that its floors or premises were kept in condition. At

the close of plaintiff's case the defendant moved the court for a nonsuit upon the ground that there was no sufficient showing of negligence on the part of the defendant. The court granted the motion and, having done so, rendered and entered its judgment in the defendant's favor, and it is from such judgment that this appeal has been taken. We are unable to say that the trial court was in error in granting a motion for nonsuit under the circumstances of this particular case. Had the plaintiff at the time he sustained his said injuries been within the actual precincts of the defendant's bank wherein its business was being conducted, into which only that portion of the public which had business to transact with said institution was supposed to enter, a different question might be presented; but in the case at bar the plaintiff, while doubtless intending to open the doors of said bank and enter within its inner precincts as a customer and invitee thereof, had not in fact actually done so, but, on the contrary, at the moment of his injuries was outside the doors of the bank, and, while within the line of the bank property, was standing or walking upon that portion thereof which, while forming the said recess, also constituted a space used and useable by the general public for sidewalk purposes. To hold that the rule requiring of such an institution the exercise of reasonable care for the protection and safety of its customers or invitees should be so far extended as to be applicable to those portions of its premises which lie outside of the precincts wherein its actual business with its customers and invitees is being conducted, and which form in fact a portion of the public sidewalk, would, we think, amount to an undue extension of said rule, and one which should not be given application in the absence of any showing of either actual or inferable knowledge on the part of those in charge of the affairs of said institution that said outer portion of its premises, accessible to the general public, was in such a condition as to render possible the accident and injuries of which the plaintiff in the instant case complains.

The judgment is affirmed.

Shenk, J., and Waste, C. J., concurred.