[Civ. No. 10593. Second Appellate District, Division Two.—December 13, 1935.]

ANNIE R. WILLIAMS, Appellant, v. THE OWL DRUG CO. (a Corporation), Respondent.

Haight, Trippet & Syvertson, Oscar A. Trippet and Thomas T. Inch for Appellant.

Joe Crider, Jr., and Elber H. Tilson for Respondent.

McCOMB, J., *pro tem.*—This is an appeal from a judgment in favor of defendant entered after the trial court granted defendant's motion for a directed verdict.

Viewing the evidence most favorable to plaintiff (*Estate of Flood*, 217 Cal. 763, 768 [21 Pac. (2d) 579]), the facts in the instant case are:

Defendant owned and operated a drug store in the city of Los Angeles. A customer, after purchasing a bottle of mineral oil, dropped it on the sidewalk in front of the entrance to defendant's store. Shortly thereafter plaintiff, while entering the pharmacy, slipped, fell and sustained personal injuries. At this time she noticed a colorless and oily substance on her hands and the soles of her shoes.

■ The sole question presented for determination is:

*Disregarding conflicting evidence and giving to plaintiff's evidence all the value to which it is legally entitled and indulging in every legitimate inference which may be drawn from this evidence, is there any evidence of sufficient substantiality to support a verdict in favor of the plaintiff?*

The facts in the instant case are analogous to those in *Gabriel* v. *Bank of Italy*, 204 Cal. 244 [267 Pac. 544, 58 A. L. R. 1039], and the question of law is identical. Our Supreme Court held in *Gabriel* v. *Bank of Italy*, *supra*, a case in which the plaintiff slipped upon some substance deposited by a third party on a recess leading into the bank, that there was no obligation on the part of the owner of abutting property to keep the premises outside of its own doors free and clear of foreign substances, in the absence, as in the instant case, of evidence that defendant had failed after actual notice of the dangerous condition to take steps toward removing it, and affirmed the judgment in favor of the defendant predicated upon an order of the trial court granting a motion for a nonsuit.

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 6, 1936.