[Civ. No. 10763.   Second Appellate District, Division Two.—March 25, 1936.]

EUGENE A. GOLD et al., Respondents, v. ARIZONA REALTY AND MORTGAGE COMPANY OF ARIZONA et al., Appellants.

C. A. Pinkham for Appellants.

Arthur J. Manley and George Halverson for Respondents.

WOOD, J.—Plaintiff sued to recover damages suffered when she slipped in walking down a stairway of defendant's apartment house. The case was tried before the court with-out a jury and judgment rendered for defendant. A motion for a new trial was granted and defendant appeals from the order granting the new trial.

Defendant contends that the evidence, viewed in the light most favorable to plaintiff, is insufficient to justify a judgment in plaintiff's favor and for that reason the order should be reversed. The evidence upon which plaintiff must rely to support a judgment in her favor comes from her own testimony and that of the manager of the apartment house. Plaintiff testified that as she went down the stairway she "felt some sort of foreign substance under the sole of my foot, and with that my weight just went from under me". When asked what she found on the sole of her shoe plaintiff stated: "It was a wet spot, and it looked slick on the sole of my shoe, so I rubbed my finger on it, and I put it to my nose to see if I could determine what it was, and it was a soapy or waxy substance of some sort." The manager of the apartment house testified that the janitors frequently washed the stairway with soap and water. The janitors were not called as witnesses. The record fails to disclose sufficient evidence as a matter of law to charge defendant with responsibility for plaintiff's accident. The doctrine of *res ipsa loquitur* is not applicable to the facts shown in evidence. The mere fact that plaintiff tripped and fell downstairs does not of itself create a situation in which the doctrine can be invoked. (*Finch* v. *Willmot,* 107 Cal. App. 662 [290 Pac. 660].) It was not shown that the "substance" which caused plaintiff's fall had been on the stairway any length of time or that it had been left there by an agent of defendant. (*Marple* v. *Manspeaker,* 88 Cal. App. 682 [263 Pac. 1022].) To determine how the "substance" became attached to plaintiff's shoe one must enter the field of conjecture. It may have been picked up from the street as she entered the apartment house or it may have been dropped on the stairway by someone not in defendant's employ.

The rule applicable to this appeal is clearly stated in *Moss* v. *Stubbs,* 111 Cal. App. 359 [295 Pac. 572, 296 Pac. 86]: "But it is equally well settled that where there is no

substantial conflict in the testimony on material issues, and the evidence as a whole would be insufficient as a matter of law to support a verdict in favor of the moving party, an order granting a new trial cannot be sustained.'' (*Empire Investment Co.* v. *Mort*, 169 Cal. 732 [147 Pac. 960] ; *Estate of Sexton*, 199 Cal. 759 [251 Pac. 778] ; *Seth* v. *Lew Hing*, 125 Cal. App. 729 [14 Pac. (2d) 537, 15 Pac. (2d) 190].) In the case before us the evidence as a whole is not sufficient as a matter of law to support a judgment in favor of plaintiff.

The order granting a new trial is reversed.

Crail, P. J., and Gould, J., *pro tem.*, concurred.