[L. A. No. 15958. In Bank.—April 9, 1937.]

BAROUK PERUMEAN, a Minor, etc., et al., Appellants, v. GEORGE M. WILLS et al., Respondents.

Gerald Willis Myers and L. V. Meloy for Appellants.

Everett W. Mattoon, County Counsel, and Ernest Purdum, Deputy County Counsel, for Respondents.

THOMPSON, J.—A hearing was granted in this cause after decision by the District Court of Appeal, in order that we might give further consideration to the question of whether there was any substantial evidence of negligence on the part of the employee of the respondent school district. The fol-

lowing is taken from the opinion rendered by the District Court of Appeal:

"Plaintiffs have appealed from judgments entered upon verdicts rendered by a jury in favor of Los Angeles City High School District and Samuel Leonard Fick, an instructor in George Washington High School, in an action wherein plaintiffs, Barouk Perumean, a minor, and his father, Edward Perumean, sought damages for injuries suffered by the minor while attending a class in automobile mechanics. They have also appealed from an order of the trial court denying a motion for a new trial as to the above-named respondents.

" 'The injury happened,' according to respondents' brief, 'as the direct result of the act of a fellow pupil, George M. Wills.' George Wills had been working in the auto shop under the instruction of the defendant, Samuel Fick, for approximately two years before this accident. He had been a good student in the shop, he had his own driver's license and drove his own car. Mr. Fick had taught auto shop for some nine years without any accidents, and had worked as a mechanic and operated his own garage an additional twelve years. On the particular occasion George Wills had been directed by Mr. Fick to adjust the valve tappets on the Buick automobile which had been brought in that morning for repairs. The automobile was first placed near the door at the end of the shop and was examined there by Mr. Fick. George Wills started the motor with Mr. Fick's permission and listened to the tappets to see how much work would be required to adjust them. In order to use the space where the car was standing for another purpose Mr. Fick directed George Wills to put the car on a jack and move it over near the work benches. After the car was moved to that position the motor was again started by George Wills and he ran it for about five minutes to warm up the engine, then turned off the motor and went into the adjacent tool room for certain wrenches. On his return to the automobile he turned on the switch and, standing on the floor of the garage, opened the door and leaned into the front compartment and pressed his hand upon the starter button. In some manner the gearshift lever had been shoved into reverse position so that the gears of the car were engaged and when the engine started the car moved rapidly backward against the plaintiff Perumean and pinned him against the work bench at which he had been working. Realizing what had happened, George Wills sprang into the

driver's seat and drew the car forward, releasing the plaintiff. In the meantime, Mr. Fick, who had been engaged in giving instructions to another pupil in a different part of the shop room, had heard the commotion and ran to the assistance of the plaintiff.'

"The Buick car upon which work was being done belonged to Samuel Brown, father of a student, who brought it to the auto shop of the school for repairs. As owner of the car, he was made a defendant in this action, but a nonsuit was granted as to him by the trial court, the same action being taken as to Mr. and Mrs. George N. Wills, parents of George M. Wills, also original defendants. After remaining defendants had put on their testimony and the evidence was closed, the court, upon motion, directed the jury to return verdicts in favor of the High School District and the instructor, Mr. Fick, which directions were followed, the jury at the same time rendering its verdict in favor of the minor, George M. Wills.

"Later, the trial court denied a motion for a new trial as to the School District and the instructor, but granted such a motion as to the minor and his parents.

"The appellants contend that the court erred in ordering the directed verdicts, also in admitting testimony as to the practice prevailing in various other schools . . . in regard to placing blocks under cars before starting a motor. Error is also predicated upon the court's order denying motion for a new trial as to the School District and the instructor.

"In considering the objection to the directed verdicts, we turn to the *Estate of Baldwin*, 162 Cal. 471 [123 Pac. 267], and find the rule set out as follows, page 473:

" 'A directed verdict is proper, unless there be substantial evidence tending to prove in favor of plaintiff all the controverted facts necessary to establish his case. In other words, a directed verdict is proper whenever, upon the whole evidence, the judge would be compelled to set a contrary verdict aside, as unsupported by the evidence. To warrant a court in directing a verdict, it is not necessary that there should be an absence of conflict in the evidence, but, to deprive the court of the right to exercise this power, if there be a conflict, it must be a substantial one.' (Citing cases.) As stated many years ago in *County Commrs.* v. *Clark*, 94 U. S. 278, 284 [24 L. Ed. 59, 62], ' . . . before the evidence is left to the jury, there is or may be in every case

a preliminary question for the judge, not whether there is literally no evidence but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the burden of proof is imposed'. That the trial judge was cognizant of these principles appears from his comment at the time he directed the verdicts: 'I am convinced that there was no negligence on the part of Mr. Fick, therefore not [none] on the part of the School District.' If there were any evidence of negligence on the part of Mr. Fick, which the jury might have concluded was the proximate cause of the student's injury, then error was committed by the trial court.

"Shortly before the accident, the minor plaintiff had been instructed by Mr. Fick to repair a radiator, and to perform that work, was directed to go to a soldering bench running from east to west along the north wall of the shop room where the class was conducted. A safety line was marked on the floor parallel with this bench and five feet away from it. The Buick was backed up to this line, but there was no barrier between it and the boy, as he stood at the bench. Mr. Fick testified that the boys had been instructed, before starting any automobile, to examine it to see whether it was in gear, that motors must be checked by the instructor when first started, and that the car should be blocked. Blocks 6 inches by 6 inches and approximately 10 inches long were provided for the purpose. One of the students attending the class with the minor plaintiff and minor defendant testified that in addition to the precautions mentioned above, the boys had been instructed to see if the hand brake was set. The minor Wills testified that he had received all these instructions, but 'I do not know on this occasion whether or not the hand brake was set on the automobile as I did not test it and I did not block the wheels nor do I know whether or not the wheels were blocked'. Under cross-examination, Mr. Fick testified as follows concerning blocks:

" 'Q. And you never made any inspection of that car to see whether it was blocked, or whether any safety precautions were taken, did you? A. I saw the car sitting there, and I gave him permission to start it; I saw him start it, it was all right, I went over across the shop to instruct these other students; came back again, the car had been started, and that is what happened. Q. The blocks were not on the car, were they? A. The blocks were not on the car at the time? Q.

Yes. A. I couldn't say whether they were or not. I don't believe they were. Q. You didn't make an examination of the car at all to see whether the blocks were there at all at the time it was first started, did you? A. I was there, I don't remember whether I checked that or not, I don't believe they were on either.' ''

█ With reference to the claim that it was negligence on the part of the instructor not to observe whether blocks were behind the wheels before the motor was started, the defendants introduced testimony to the effect that other auto shops in schools in and around Los Angeles did not require the wheels to be blocked, and that it was not customary to block the wheels. Some of this testimony was admitted without objection and some was admitted over plaintiff's objection. The suggestion has been advanced that evidence with respect to trade garages was received, but a close study of the bill of exceptions shows otherwise and discloses that the specifications of error only relate to the custom existing in other schools. We cannot sustain the claim of appellants that the reception of this evidence was prejudicially erroneous. In the first place, testimony as to the general custom and practice of other auto shops in schools was competent on the question of care and diligence exercised by those charged with a lack thereof in the instant case. (*Burns* v. *Sennett & Miller,* 99 Cal. 363, 373 [33 Pac. 916], *Hennesey* v. *Bingham,* 125 Cal. 627, 635 [58 Pac. 200], *Longuy* v. *La Societe Francaise,* 52 Cal. App. 370, 375 [198 Pac. 1011], and *Thomas* v. *Southern Pac. Co.,* 116 Cal. App. 126, 131 [2 Pac. (2d) 544].)

Even if we assumed the introduction of such evidence to be erroneous, we should be compelled to hold that it was not prejudicial because like evidence was received without objection. The testimony received over objection being merely cumulative of that which was admitted without objection, it is difficult to see how appellants could have been injured.

█ Passing to the question of whether there was substantial evidence touching the liability of the respondent student which should have been submitted to the jury, we must first observe that it is now well settled that in order to fasten liability upon the school district negligence on the part of an officer or employee of the district must be alleged and proved. It is not sufficient to prove negligence on the part of a student, even when the student is attempting to carry out the directions of an instructor. (*Ellis* v. *Burns*

*Valley School Dist.*, 128 Cal. App. 550 [18 Pac. (2d) 79]; *Hack* v. *Sacramento City Junior College Dist.*, 131 Cal. App. 444, 448 [21 Pac. (2d) 477]; *Underhill* v. *Alameda E. School Dist.*, 133 Cal. App. 733 [24 Pac. (2d) 849]; *McCloy* v. *Huntington Park Union H. S. Dist.*, 139 Cal. App. 237 [33 Pac. (2d) 882]; *Goodman* v. *Pasadena City H. S. Dist.*, 4 Cal. App. (2d) 65, 68 [40 Pac. (2d) 854].) After commenting upon the liability imposed by the act and duties of school authorities, it was said in *Underhill* v. *Alameda E.. School Dist., supra:* "With the foregoing observations in mind we believe that whenever an attempt is made to recover damages from a school district for such injuries, the complaint in the action must set forth facts clearly showing a violation of a duty of care imposed upon school authorities." A like observation may be made when considering the sufficiency of the evidence.

 We may therefore consider whether there was substantial evidence of negligence on the part of Fick—the instructor. It is urged that "the school teacher and the Los Angeles City High School District were negligent in failing to carry out their own rules and regulations, as to safety in the conduct of said class". As we have already indicated, the rules required students to see that the emergency brake was set, the gear shift lever in neutral, and the wheels blocked, before a motor was started. These instructions were repeated frequently during the school term. It is hardly necessary to note that the instructor did not himself violate any of these rules. The student George Wills did, it is true. Can negligence be predicated upon the theory that Fick did not keep Wills under closer scrutiny and observe his failure to comply with the rules? The uncontradicted evidence discloses that there were twenty-six or twenty-seven pupils in the shop on the day of the accident; that Wills had been a student in the shop for two years and was a good pupil; that he drove his own car; had a driver's license; and had never been seen by the instructor taking any chances. With the duty resting upon the instructor to supervise all of the pupils, can it reasonably be said that Fick was guilty of negligence because he did not examine the car every time George Wills started the motor? We think that reasonable minds cannot differ upon the question and that the answer must be in the negative. The directed verdict was therefore proper.

The appeal from order denying motions for new trial as to respondents Los Angeles High School District and Samuel Leonard Fick, being unauthorized (*Gray* v. *Cotton,* 174 Cal. 256 [162 Pac. 1019] ; *Williams Co.* v. *Quin,* 44 Cal. App. 296 [186 Pac. 401] ; *United Casting Co.* v. *Duncan,* 44 Cal. App 384 [186 Pac. 403] ), is ordered dismissed.

The judgments are affirmed.

Shenk, J., Langdon, J., Edmonds, J., and Curtis, J., concurred.

Rehearing denied. Seawell, J., voted for a hearing.