[Civ. No. 11497. Second Appellate District, Division Two.—August 27, 1937.]

DOROTHY CRAWFORD, Respondent, v. PACIFIC STATES SAVINGS & LOAN COMPANY (a Corporation), Appellant.

Sidney A. Moss for Appellant.

Simon & Licker, David Licker and Melvin Simon for Respondent.

CRAIL, P. J.—This is an appeal from a judgment in favor of the plaintiff, who was an invitee to defendant's hotel, for damages for injuries resulting from a fall by slipping on a quantity of water on the floor of the lavatory therein.

■ The contention of the defendant is that the judgment must be reversed for the reason that there is no evidence that the defendant had actual knowledge of the said condition or that the condition complained of had existed for so long a time that the defendant is charged with notice of its existence. We find no such evidence in the record, nor is there any evidence to show how the water got on the floor. (*Gold* v. *Arizona Realty etc. Co.*, 12 Cal. App. (2d) 676 [55 Pac. (2d) 1254].)

In the case of *Touhy* v. *Owl Drug Co.*, 6 Cal. App. (2d) 64, 66 [44 Pac. (2d) 405], this court said: "The proprietor of buildings who directly or by implication invites others to go therein owes to such persons who thus enter a duty to have his premises in a reasonably safe condition, and to give warning of latent or concealed perils. He is not an insurer of such persons, nor does the mere occurrence of injury on such premises to such invitee create any presumption of negligence on the part of the proprietor. His responsibility is not absolute; he is only required to use ordinary care for the safety of the persons he invites to come upon the premises. The true ground of liability rests on the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to invitees, over that of the invitee. Where such danger is obvious, or is as well known to the injured invitee as to the owner or occupant, there is no liability." (Citing numerous cases.)

The general rule is stated in 45 Corpus Juris, 837, section 245: "In order to impose liability for injury to an invitee by reason of the dangerous condition of the premises the condition must have been known to the owner or occupant or have existed for such time that it was the duty of the owner or occupant to know of it." (Citing the California case, *Shanley* v. *American Olive Co.*, 185 Cal. 552 [197 Pac. 793].)

The plaintiff does not cite us to any evidence in the record to sustain such essential element of his case. He refers us to cases where such knowledge was taken for granted, usually to cases where the dangerous condition was created by the defendant himself, or to cases which hold in effect merely that the fact that plaintiff fell on said floor is some evidence

tending to show that a defective and dangerous condition existed thereon.

Judgment reversed.

Wood, J., and McComb, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 25, 1937.