[Civ. No. 11927.   Second Appellate District, Division Two.—November 25, 1938.]

MARIE CLAMPETT, a Minor, etc., et al., Appellants, v. THE SHOPPING BAG MARKETS INC. (a Corporation) et al., Respondents.

H. E. Gleason and John F. Poole for Appellants.

Donald E. Ruppé and Paul T. Howe for Respondents.

WOOD, J.—This action was commenced to recover damages for injuries suffered by Marie Clampett when she slipped and fell in a passageway in a public market operated by defendants. The trial court directed a verdict for defendants and from the resulting judgment plaintiffs prosecute this appeal.

The rule governing trial courts in the matter of directed verdicts is well established. ▮▮ The court may direct a verdict only when, disregarding conflicting evidence and giving plaintiff's evidence all the value to which it is legally entitled, indulging every legitimate inference which may be drawn therefrom, no evidence of sufficient substantiality to support a verdict in favor of plaintiff, if given, may be found. (*Mairo* v. *Yellow Cab Co.*, 208 Cal. 350 [281 Pac.

66].) Considering the evidence in the light of this rule, the record discloses that on the afternoon of August 17, 1936, Marie Clampett, a girl thirteen and one-half years of age, entered the market known as the Shopping Bag in the city of Los Angeles. Under directions from her mother, and as she had been accustomed to do for several years, she was carrying two milk bottles to be returned to the market. The weather was clear and bright as she entered. She passed down a main aisle and made a right angle turn to the left and took two steps along a passageway two and one-half feet wide. As she was about to place the bottles upon the counter she slipped and fell into a puddle of "mud, water and filthy slime", resulting in her injuries. Marie testified that the cement floor in the market had recently been washed; that she walked slowly; that she did not observe the puddle. "It grew very dark from the way it was outside, and it was —it was dark in there. It was not light. Well, I didn't quite observe it, sir. I didn't pay any attention, because I was just going to set my bottles down, and just as I went to set them down it all happened in such quick time that I didn't—I don't remember noticing the puddle, but I know it was there because when I got up I was all wet and the floor was all wet there." Another girl immediately behind Marie testified that "where Marie fell there was a pool of mud, water and filthy slime . . . I said that the market was wet when we went in but not slimy in the other part of the market, just where she slipped".

It was the duty of defendants to keep their premises and the passageways therein in a safe condition and to use ordinary care to avoid injury to those properly entering the premises on business. (*Tuttle* v. *Crawford*, 8 Cal. (2d) 126 [63 Pac. (2d) 1128].) The trial court was of the opinion that Marie was guilty of contributory negligence as a matter of law. The question whether a plaintiff in an action like the present is guilty of contributory negligence is ordinarily a question for the determination of the jury. The *quantum* of care which the law exacts is a question relative to the facts of each particular case. Considering that Marie went from the bright exterior of the building to a narrow and dark passageway and almost immediately upon turning from the main aisle she slipped upon a puddle of mud and

filth while in the act of placing the bottles upon the counter, it cannot be held that the court's action was proper in taking the matter from the consideration of the jury. (*Brown* v. *Holzwasser Inc.*, 108 Cal. App. 483 [291 Pac. 661] ; *Mehollin* v. *Ysuchiyama*, 11 Cal. (2d) 53 [77 Pac. (2d) 855] ; *Stoddard* v. *Roberts Public Market Inc.*, 27 Cal. App. (2d) 166 [80 Pac. (2d) 519] ; *Williamson* v. *Hardy*, 47 Cal. App. 377 [190 Pac. 646] ; *Tuttle* v. *Crawford, supra.*)

Defendants rely upon a statement contained in *Quinn* v. *Recreation Park Assn.*, 3 Cal. (2d) 725, 731 [46 Pac. (2d) 144], to the effect that in the absence of a clear showing of abuse of discretion reviewing courts will not interfere with the rulings of trial courts in submitting or refusing to submit to juries the question whether the contributory negligence of children of the age of fourteen years and under was such as to prevent their recovery for injuries sustained by them. It is very difficult to perceive why the jury should be allowed to determine questions of fact concerning the alleged contributory negligence of a child of the age of fifteen years and be denied this privilege in the case of a child of the age of thirteen years. The scope of the statement in *Quinn* v. *Recreation Park Assn., supra,* has been narrowed by the later case of *Raggio* v. *Mallory*, 10 Cal. (2d) 723, 728 [76 Pac. (2d) 660], in which the court quotes with approval a statement from Beach on Contributory Negligence to the effect that unless the child is exceedingly young it is usually left to the jury to determine the measure and care required of the particular child in the actual circumstances of the case. Under the evidence presented in the case before us we would be compelled to hold that, even if Marie Clampett had been of adult age, the issue of her alleged contributory negligence should have been submitted to the jury.

The judgment is reversed.

McComb, J., concurred.

CRAIL, P. J., Concurring.—I concur in the judgment but not in a part of the opinion. The opinion says, ''It is very difficult to perceive why the jury should be allowed to determine questions of fact concerning the alleged contributory negligence of a child of the age of fifteen years and be denied this privilege in the case of a child of the age of thirteen

years." I do not like this sentence. It looks as if we thought that under the case cited such might be the holding of the court. But, no, the real import of the case, although poorly disclosed, is, and all the law is to the same effect, that the younger the child the less likely it is to be capable of committing contributory negligence. (45 C. J. 998.)

It was not because the child was young that she was held guilty of contributory negligence as a matter of law, but in spite of the fact that she was young that the court permitted a ruling that she was capable of committing negligence and was indeed guilty of contributory negligence as a matter of law.