[Civ. No. 10952. First Appellate District, Division Two.—January 5, 1940.]

C. O. WALLACE et al., Respondents, v. LOUIS LA VINE, Appellant.

Albert L. Johnson for Appellant.

D. T. Jenkins for Respondents.

SPENCE, J.—Plaintiffs, who were husband and wife, brought this action against the defendant chiropractor for alleged malpractice in the treatment of the wife. Upon a trial by the court, sitting without a jury, plaintiffs had judgment. Defendant appeals from said judgment and from the order denying his motion for a new trial. As an order denying a motion for a new trial is not an appealable order, defendant's purported appeal from said order should be dismissed. (Code Civ. Proc., sec. 963; *Perumean* v. *Wills*, 8 Cal. (2d) 578 [67 Pac. (2d) 96].)

Mrs. Wallace, one of the plaintiffs, injured her wrist on February 24, 1937, the injury consisting of a slight fracture. Defendant treated her for said injury from that date until May 11, 1937. It was plaintiff's claim that defendant negligently and unskilfully applied a first cast and subsequently a second cast so tightly on said plaintiff's arm as to interfere with the circulation and that he allowed said casts to re-

main on plaintiff's arm over a long period of time, during which time he applied diathermy to said arm so frequently and with such intensity as to damage the tissues, tendons and bones of said plaintiff's arm, wrist and hand. The trial court found in conformity with plaintiff's claim and entered its judgment accordingly.

Appellant's brief fails to "present each point separately under an appropriate heading showing the nature of the question to be presented or the point to be made". (Rule VIII, sec. 2, Rules of the Supreme Court and District Courts of Appeal.) ■ Appellant apparently contends that the evidence was insufficient to support the findings and that "the trial judge displayed prejudice against appellant". We find no merit in these contentions.

The evidence produced on behalf of respondents consisted of the testimony of both lay and expert witnesses. Said expert witnesses were physicians and surgeons and appellant apparently concedes that their testimony was competent against the defendant chiropractor for the purposes for which it was produced. (*Ellinwood* v. *McCoy*, 8 Cal. App. (2d) 590 [47 Pac. (2d) 796]; *Hutter* v. *Hommel*, 213 Cal. 677 [3 Pac. (2d) 554].) We cannot agree that said testimony was "not very damaging to the defendant" and we are of the opinion that there was substantial evidence to sustain all of the material findings. The evidence on many points was admittedly conflicting and the gist of appellant's claim appears to be that "no finding of the trial court should be sustained . . . unless such finding is supported by a preponderance of the evidence in relation thereto". It is a sufficient answer to said claim to state that such is not the rule in this jurisdiction. (*McLennan* v. *Holder*, 1 Cal. App. (2d) 305 [36 Pac. (2d) 448].) ■ Where a trial court has made findings and said findings are supported by substantial evidence, an appellate court may not disturb said findings even if it should believe from the cold record before it that the preponderance of the evidence was contrary thereto.

■ In his brief, appellant puts the further question, "Did the trial judge display prejudice either in his rulings or the substantial amount of the judgment? We find no display of prejudice on the part of the trial judge either in his rulings or in the amount of the award which was $3,382.50. If it be appellant's claim that there was prejudicial error in the

rulings of the trial court, we find no merit in such claim. If it be appellant's claim that the verdict was excessive, we believe said claim to be likewise without merit. It is true, as pointed out by appellant, that the trial judge did ask many questions but he obviously did so in an endeavor to clear up the testimony and particularly the testimony of appellant which it is conceded was "confusing at times". Such action did not indicate prejudice. The claim of prejudice on the part of the trial judge is suggested for the first time on this appeal and the claim thereof seems to have developed from the fact that appellant found himself on the losing side of a lawsuit which involved the issue of alleged negligence in the performance of his professional duties.

The purported appeal from the order denying the motion for a new trial is dismissed and the judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.