[Civ. No. 11712.   First Dist., Div. One.   Feb. 26, 1942.]

ANNA BAUMANN, as Bondholder, etc., Respondent, v. H. O. HARRISON et al., Defendants; HENRY G. BEDFORD et al., Appellants.

Henry O. Wackerbarth for Appellants.

Thomas F. McCue for Respondent.

GOODELL, J. pro tem.—This appeal was taken from an order denying a motion to satisfy a judgment for costs.

The plaintiff sued to foreclose a deed of trust on real property in Los Angeles. The property was sold at a trustee's sale under a power contained in the deed and a decree was entered confirming the sale and awarding a deficiency judgment against the principal defendants. Rentals had been collected by the defendants W. G. Lane and Lane Mortgage Company and in the same decree the plaintiff was awarded a judgment against them in the sum of $12,584.33, of which $8,584.33 was declared to be immediately payable. The plaintiff was also awarded in the same decree a judgment for costs against the four appellants, as well as against W. G. Lane and Lane Mortgage Company and six other defendants. These costs were ultimately taxed at $532.40. At the time the decree was entered W. G. Lane and Lane Mortgage Company had in hand $2,363.39 of the accrued rentals, and the decree ordered this fund to be turned over by them to Thomas F. McCue, attorney for plaintiff. In this connection the decree directed that: "Said attorney is hereby ordered and directed to hold all of such funds subject to the order of this Court and is authorized and directed to first pay therefrom the sum of $819.15 to George M. Sutherland, and the sum of $612.60 to plaintiff as reimbursement for sums expended by her for title search and reports and recording notices, and is authorized to reimburse plaintiff for her costs and disbursements and to defray from such funds any necessary expenses and costs in the further prosecution of this action and in the execution of this Judgment. It is adjudged that no portion of this sum shall be deemed or construed to be a payment in whole or in part of attorneys fees except as may hereafter be authorized by order of this Court. It is further ordered and adjudged that said $2363.39, upon payment thereof shall be credited upon and applied upon the

sums due from defendants W. G. Lane and Lane Mortgage Company.''

The judgment was entered on June 21, 1938. On June 29, 1938, the $2,363.39 was paid and a partial satisfaction was entered on the margin of the judgment as follows: ''An acknowledged partial satisfaction of the within Judgment, amount collected $2363.39 as to judgt. against W. G. Lane and Lane Mortgage Company dated 6/21 1938 filed 6/23/1938.'' It will be observed that the language of the satisfaction conforms to the language of the judgment which directed that the $2,363.39 should be ''credited upon and applied upon the sums due from defendants W. G. Lane and Lane Mortgage Company'' which amounted to $8,584.33. It is true that the last-named defendants were also obligated, together with these appellants and six other defendants, for costs in the sum of $532.40, but at the time the $2,363.39 was paid the costs had not been settled. The order taxing costs was not made until October 6, 1938, which was over three months after the payment.

The appellants rely upon the language in the judgment which authorizes plaintiff's attorney ''to reimburse plaintiff for her costs and disbursements and to defray from such funds any necessary expenses and costs in the further prosecution of this action'' after Sutherland was paid the $819.15 and the plaintiff was reimbursed in the sum of $612.60. They contend that as there remained, after those two payments, more than enough to satisfy the judgment for $532.40 costs, their obligation for costs has been discharged, even though they themselves did not pay the money. The language upon which they rely, however, is merely an authorization; it is not a direction. The language which follows is in the form of a definite order, directing that the $2,363.39 be credited and applied upon the sums due from W. G. Lane and Lane Mortgage Company, and it appears from the marginal satisfaction that this order was literally complied with and such application made. Indeed it would seem that W. G. Lane and Lane Mortgage Company were entitled to have the payment so applied in reduction of that part of the judgment upon which they, alone, were obligated, for they, and not these appellants, made the payment.

The main case was a very complicated piece of litigation, as appears from the reports of at least five appeals besides

this one. (*Goes* v. *Perry*, 18 Cal. (2d) 373 [115 Pac. (2d) 441]; *Baumann* v. *Bedford*, 18 Cal. (2d) 366 [115 Pac. (2d) 437]; *Townsend* v. *Perry*, 43 Cal. App. (2d) 380 [110 Pac. (2d) 1019]; *Baumann* v. *Harrison*, 46 Cal. App. (2d) 73 [115 Pac. (2d) 523]; *Baumann* v. *Harrison*, 46 Cal. App. (2d) 84 [115 Pac. (2d) 530].) Twenty-seven days were devoted to the trial, including an accounting. The many details were within the knowledge of the trial judge and those details are not before us. The findings were not brought up. The record consists only of the judgment, the notice of motion, and two affidavits supporting, and one opposing, the motion. As there is nothing in this record which convinces us that the order appealed from is erroneous, it is affirmed.

Peters, P. J., and Knight, J., concurred.