[Civ. No. 14611.  Second Dist., Div. Two.  Nov. 10, 1944.]

HARRY OWEN et al., Appellants, v. R. F. BEAUCHAMP, Respondent.

John C. Miles and Lee J. Myers for Appellants.

Sidney A. Moss for Respondent.

MOORE, P. J.—The question for decision is whether the trial court correctly instructed the jury to find for defendant, a dentist, who allegedly had permitted dental wax to remain upon the floor of his office which was visited by appellant Elly [Owen] on November 9, 1942. On arriving there, plaintiff crossed the linoleum-covered floor in the reception hall and entered a carpeted room, a total distance of about 53 feet from the elevator. She then waited about an hour, during which time she observed that there was no foreign substance on her shoes. On being called for her treatment she walked across a portion of the same linoleum-covered floor for about 12 feet. At that point she stepped upon the wax, slipped and fell to her injury. Upon being removed to another room she found pink dental wax on the sole of her right shoe under the ball of the foot. It was proved at the trial that wax of the same quality as that

which adhered to appellant's shoe was used in respondent's laboratory and workrooms.

Appellant contends (1) that from the presence of the wax at the point where she fell it was a necessary inference that the dental wax belonged to respondent; (2) that from such inference the presumption arises that it was through appellee's negligence that it was there when contacted by appellant; (3) that it is a fair inference that had respondent exercised the care commensurate with his duty to the public the wax would not have been in a place where it could be trodden by his patients; (4) that it was therefore incumbent upon appellee to explain the presence of the wax on the floor in order to overcome the presumption of his negligence.

In making these contentions appellant overlooks certain established principles governing the rights and duties of those who maintain establishments to which the public are invited. ██ The invitor is obligated to exercise only ordinary care in keeping his premises in a safe condition. (*Brown* v. *Holzwasser, Inc.*, 108 Cal.App. 483 [291 P. 661]; *Corbett* v. *Spanos*, 37 Cal.App. 200 [173 P. 769].) The owner of a place of business open to the public is not an insurer of the safety of his invitees. (*Crawford* v. *Pacific States Savings & Loan Co.*, 22 Cal.App.2d 448 [71 P.2d 333].) ██ In order to establish the liability of the proprietor of a place of business to which the public are invited it is necessary that it be shown that the proprietor had knowledge of the presence of the dangerous condition of his premises (*Crawford* v. *Pacific States Savings & Loan Co., supra; Williams* v. *Owl Drug Co.*, 10 Cal.App.2d 621 [52 P.2d 499]), or proof must be made that the condition had existed for such a period of time as to justify the inference that the proprietor had knowledge of its existence. (*Gold* v. *Arizona Realty & Mtg. Co.*, 12 Cal.App.2d 676 [55 P.2d 1254]; *Stoddard* v. *Roberts Public Markets, Inc.*, 27 Cal.App.2d 166 [80 P.2d 519]; *Gabriel* v. *Bank of Italy*, 204 Cal. 244 [267 P. 544].) In the Gold case it was held that since there was no showing that the substance which caused plaintiff's fall had been on the stairway any length of time or had been left there by defendant or his agent, a determination that its presence was due to the negligence of the defendant could be derived by conjecture only and for this reason plaintiff could not recover. In *Spicknagle* v. *C. S. Woolworth & Co.*, 236 Pa. 496 [84 A. 909, Ann.Cas. 1914A 132], the plaintiff slipped and fell on an oiled floor. No spe-

cific act of negligence having been proved, the judgment of nonsuit was affirmed. In *Cartoof* v. *F. W. Woolworth,* 262 Mass. 367 [160 N.E. 109], the plaintiff invitee could not recover for lack of any proof that the foreign substance had been upon the stairway for such time as would justify a finding that the proprietor should have seen and removed the substance prior to the accident.

Appellant cites a number of California authorities to show that negligence may be inferred from the mere presence of a dangerous condition. (*Clampett* v. *Shopping Bag Markets,* 29 Cal.App.2d 410, 412 [84 P.2d 543]; *Tuttle* v. *Crawford,* 8 Cal.2d 126 [63 P.2d 1128]; *Hatfield* v. *Levy Brothers,* 18 Cal.2d 798 [117 P.2d 841]; *DeGraf* v. *Anglo California National Bank,* 14 Cal.2d 87 [92 P.2d 899].) These citations do not establish any such general rule. On the contrary they exhibit the true rule, to wit: that each case must be determined upon its own facts by the application of certain general principles which control the relationship of invitor and invitee. The Clampett and the Tuttle cases grew out of wet floors in public market places in each of which the existence of the dangerous condition could have been attributed to no agency other than that of the proprietor. The Hatfield case was based upon a slippery floor due to the application of an extra quantity of wax to the floor by the proprietor. In the DeGraf case the plaintiff was a tenant of the building where he was injured by falling into the shaft of the freight elevator left open by others. It was held that in the exercise of ordinary care the management of the building should have foreseen the likelihood of the use of the freight elevator by other tenants on the night plaintiff suffered his injuries.

██ Where there is evidence that the dangerous condition existed and that invitor had caused it or should have known of its presence by reason of the lapse of time, then the fact of liability is to be determined from all of the evidence. ██ But in the absence of such proof it is the duty of the court to direct a verdict for the defendant. (*Stoddard* v. *Roberts Public Markets, Inc., supra; Perumean* v. *Wills,* 8 Cal.2d 578 [67 P.2d 96].) ██ To constitute actionable negligence it must be shown that the defendant owed a duty to protect plaintiff from injury and that he failed to discharge it. (*Brown* v. *Holzwasser, Inc.,* 108 Cal.App. 483 [291 P. 661].) That

defendant was occupant or owner of the visited premises is not in itself sufficient.

The authorities cited by appellant in support of her argument that the presence of the wax on the floor imputed guilty knowledge and consequent liability on the part of defendant (*Morton* v. *Manhattan Lunch Co.*, 41 Cal.App.2d 70 [106 P.2d 212] ; *General Petroleum Corp.* v. *City of Los Angeles*, 42 Cal.App.2d 591 [109 P.2d 754] ; *Baumann* v. *Harrison*, 50 Cal.App.2d 173 [122 P.2d 591] ; *Blank* v. *Coffin*, 20 Cal. 2d 457 [126 P.2d 868] ; *Rovengo* v. *San Jose K. of C. Hall Assn.*, 108 Cal.App. 591 [291 P. 848] ; *Gish* v. *Los Angeles Railway Corp.*, 13 Cal.2d 570 [90 P.2d 792] ) are all distinguishable. None of them holds that the mere injury of the invitee on an invitor's floor warrants the inference of negligence. The Gish case arose out of a streetcar accident which entitled the plaintiff to the application of the doctrine of res ipsa loquitur. ■ That doctrine is an exception to the general rule that negligence must be shown. (*Lucid* v. *E. I. Dupont etc. Powder Co.*, 199 F. 377 [118 C.C.A. 61, L.R.A.1917E 182].) ■ It does not apply here and could not apply unless the instrumentality causing the injury was under the exclusive control of the party charged with responsibility. (*Biddlecomb* v. *Haydon*, 4 Cal.App.2d 361, 364 [40 P.2d 873].) ■ The wax found on appellant's shoe could have been imported by another invitee or by an employee of respondent one minute before appellant fell, without the knowledge of respondent. Inasmuch as the evidence of the presence of the wax on the floor did not warrant an inference of appellee's negligence the court correctly instructed the jury to return a verdict for defendant. (*Lacey* v. *Porter*, 103 Cal. 597 [37·P. 635].)

Judgment affirmed.

McComb, J., concurred.

WOOD (W. J.), J.—I dissent. A jury· could reasonably draw the inference that defendant or his employees carelessly dropped the dental wax upon the floor of his reception room, and that he ''was negligent in permitting such a substance to be lying upon the floor. . . .'' (*Williamson* v. *Hardy*, 47 Cal. App. 377, 379 [190 P. 646], where the plaintiff slipped and fell upon the floor of the defendant's market through having

stepped upon a piece of oiled paper made slippery by the adhesion to it of scraps of fresh meat.)

· Appellants' petition for a hearing by the Supreme Court was denied January 8, 1945. · Gibson, C. J., and Carter, J., voted for a hearing.