[Civ. No. 17926. Second Dist., Div. One. June 8, 1951.]

BLANCHE NOLE, Appellant, v. SIXTY-FIVE O FOUR, INC. (a Corporation), Respondent.

T. B. Knight for Appellant.

Moss, Lyon & Dunn and Henry F. Walker, for Respondent.

HANSON, J. pro tem.—This is an appeal by plaintiff, a married woman, from an adverse judgment predicated on the verdict of the jury in an action to recover damages for personal injuries received when a chair, upon which plaintiff was seating herself, collapsed in an apartment owned by defendant and occupied by appellant, her husband and children. The first question we are necessarily called upon to decide is whether the facts proved by plaintiff-appellant disclosed a legal liability upon which a verdict if it had been rendered in her favor could stand. If such a verdict would have been permitted to stand then the second question is whether the court erred in instructing the jury on the theory that the status of the parties was that of landlord and tenant, instead of invitor and invitee, and in refusing to give certain instructions requested by plaintiff-appellant based on the latter theory. The jury returned a verdict as has been stated for defendant-respondent.

The evidence, viewed most favorably to appellant, is readily stated. About two weeks prior to November 22, 1948, the date of the accident appellant, her husband and their three minor children went to the registration desk of the Wilcox Hotel and there the husband engaged for the family a furnished apartment consisting of a living room with an in-a-door bed, a bedroom and bath, and a kitchen upon a weekly basis and rate. The weekly rate included chambermaid and janitor service. After a stay of about two weeks and on the morning of November 22, 1948, the appellant weighing 126 pounds had occasion to move an upholstered occasional armchair from a corner in the living room to a desk. When she sat down upon it the left front chair leg gave way precipitating her to the carpeted floor causing her to sustain certain alleged injuries resulting in the suit in question. Testimony in behalf of the plaintiff was to the effect that after the accident the chair was examined and it was disclosed that the left leg thereof had "a break all of the way through the top, a split."

Appellant testified that in her two-week stay in the hotel she had paid little or no attention to the chair and that a casual inspection of the leg of the chair would not have disclosed its condition. There was no evidence to indicate that the split in the chair was not of recent origin; no evidence that the split was patent rather than latent; in fact, the evidence was that it was not patent and would not have been visible upon a casual inspection; no evidence that the defendant could by any reasonable inspection have discovered the defect. There was evidence that the defendant had no actual knowledge of the defect.

The court denied defendant's motion for a nonsuit and at the close of the evidence likewise denied defendant's motion for a directed verdict. The court thereupon submitted the case to the jury upon instructions based upon the theory that the relationship of the parties was that of landlord and tenant, and not invitor and invitee as contended for by plaintiff-appellant. ■ Viewing the case on the assumption contended for by appellant that the relation between appellant and the hotel was that of invitee and invitor, the burden of proof, nevertheless, was upon appellant to prove (1) either that the defendant had actual knowledge of the defect or, if not, that (2) the defendant had constructive knowledge that the chair was in a defective condition involving an unreasonable risk to the invitee. (*Owen* v. *Beauchamp,* 66 Cal.App.2d 750 [152 P.2d 756]; *Matherne* v. *Los Feliz Theatre,* 53 Cal.App.2d 660 [128

P.2d 59] ; *Crawford* v. *Pacific States S. & L. Co.,* 22 Cal.App.2d 448 [71 P.2d 333].) In order to hold the defendant hotel on the basis of constructive knowledge it was necessary for plaintiff to prove that the defective condition in the chair had existed for such a period of time that a reasonable man exercising ordinary care would have discovered it. (Cases, *supra.*) The record is barren of any such proof. Accordingly, as the plaintiff failed to prove either actual or constructive knowledge on the part of the hotel of the defective condition of the chair, the trial court should have granted respondent's motion for a directed verdict. As such a verdict was not directed it is immaterial that the instructions given and denied were erroneous. (*Estate of Hess,* 183 Cal. 589, 598 [192 P. 35].)

The error not being prejudicial, the judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied June 25, 1951, and appellant's petition for a hearing by the Supreme Court was denied August 2, 1951.