### McGREGOR v. SEARS ROEBUCK & CO. et al.

### Civ. No. 13952–PH.

United States District Court
S. D. California, Central Division.

Oct. 21, 1952.

Hubert W. Swender, Reseda, Cal., and John R. A. Girling, Los Angeles, Cal., for plaintiff.

John L. Wheeler, John J. McCue, Los Angeles, Cal., for defendant.

YANKWICH, Chief Judge.

The above-entitled cause heretofore tried, argued and submitted, is now decided as follows:

Judgment will be for the defendant, that the plaintiff take nothing by her complaint. Costs to the defendant.

Findings and judgment to be prepared by counsel for the defendant under local rule 7.

### Comment

The plaintiff has failed to prove that the accident which resulted in the injury of which she complains, was the result of any negligent act on the part of the defendant. Brown v. Holzwasser, Inc., 1930, 108 Cal.App. 483, 487–488, 291 P. 661; Hodge v. Weinstock, Lubin & Co., 1930, 109 Cal.App. 393, 293 P. 80; Tuttle v. Crawford, 1936, 8 Cal.2d 126, 63 P.2d 1128; Girvetz v. Boys' Market, Inc., 1949, 91 Cal.App. 2d 827, 206 P.2d 6; Harpke v. Lankershim Estates, 1951, 103 Cal.App.2d 143, 229 P.2d 103; Owen v. Beauchamp, 1944, 66 Cal. App.2d 750, 152 P.2d 756.

The testimony of the plaintiff was that she had entered the store of the defendant on January 12, 1952. It was raining and she proceeded east from the door through which she entered, down to the central aisle, which runs north and south, then she turned right down the central aisle towards the escalator. The distance which she had traveled from the door was about 150 feet.

At the oral argument, I expressed the view that the plaintiff in her testimony had attributed her fall chiefly to her stepping on a wad of waxed paper. However, on re-checking her testimony from the record, and her statements in the deposition which were

read into the record, it appears that she attributes her fall to the fact that the ground was wet and that the combination of the waxed paper and the wet floor caused the accident. Very little water was found or was discernible immediately after the accident and plaintiff's testimony is that from the condition of her own clothing, it may have absorbed the water after she fell. She could feel dampness when her hand touched the ground. As the building was new and the water was not near the door where the rain might force its way in, the presence of water and of the waxed paper at the place could only be attributed to the act of some customer who threw the wad of paper on the floor and the same or another customer who either stood in the aisle with dripping clothes or set down a wet umbrella.

Giving full credence to the narrative of the plaintiff, there is no evidence in the record showing that either the wad of paper or the water, or both, had been on the floor for sufficient length of time to be noticeable, so as to charge the defendant with negligence in failing to discover them and to bring the case within the doctrine of Tuttle v. Crawford, supra, on which the plaintiff relies so heavily. On the contrary, the case is even stronger than Matherne v. Los Feliz Theatre, 1942, 53 Cal.App.2d 660, 128 P.2d 59, where the court held that although the floor was rendered slippery by the presence of water which dripped from a ceiling, the absence of a showing that the defendant knew that the water was dripping was held sufficient to bar recovery. This, despite the verdict of a jury to the contrary.

The departments on the floor were not of the type involved in some of the older cases, such as grocery stores or markets where lettuce leaves or banana peels are likely to be found on the floor and constitute hazards to persons walking through the aisles. They consisted of hardware, men's clothing and candy. The fact that the paper was white with no writing on it, casts doubt as to whether it could have come from a patron of the candy department, for, candy bars are wrapped in rather fancy colored packages. But, assuming that it came from some patron who patronized the candy department, there is no showing that it or the wet spot were there long enough to be called to the attention of the defendant or to charge the defendant with negligence in failing to discover them.

The plaintiff suffered injuries which, fortunately, are not permanent. They were suffered on the premises of the defendant, but for the reasons indicated, the conditions which would make the defendant legally responsible for this regretable accident do not exist.

Hence the ruling above made.