[Civ. No. 8826. First Appellate District, Division One.—November 8, 1933.]

MANUEL A. R. SILVEIRA, Respondent, v. LOU VEE B. SIEGFRIED, Appellant.

Frank V. Campbell and Harvey C. Miller for Appellant.

Alfred J. Hennessy and Kennett B. Dawson for Respondent.

THE COURT.—Action to recover damages suffered by plaintiff in an automobile collision. The accident occurred at or near the intersection of Coleridge and Waverly Streets in the city of Palo Alto. There was a conflict in the evidence as to the rate of speed the different cars were traveling when they entered the intersection, and also as to which entered the intersection first. Plaintiff recovered judgment against defendant based on the verdict of a jury in the sum of $5,000. Defendant moved for a new trial on all the statutory grounds. The motion was denied. This is an appeal from the judgment and order.

The appeal is based solely upon claimed erroneous instructions given to the jury at the request of respondent. The complaint alleges negligence. This was denied by the answer, and contributory negligence was pleaded as a separate defense. The trial court gave numerous instructions upon the subject of contributory negligence, to the correctness of which no complaint is made. It is claimed, however, that the court gave other instructions upon the subject which omitted or misstated this defense. Upon this subject, except as hereinafter stated, the court fully and fairly instructed the jury. ■ Where a jury is repeatedly instructed, as here, in clear and explicit language on the subject of contributory negligence, it cannot reasonably be said that the jury was misled to the prejudice of appellant, because in other instructions upon the subject of defendant's negligence the court omitted to say anything upon the subject of the contributory negligence of the plaintiff. The instructions are to be taken as a whole. (*Stephenson* v. *Southern Pac. Co.*, 102 Cal. 143 [34 Pac. 618, 36 Pac. 407] ; *Swartz* v. *Acme Express & Drayage Co.*, 102 Cal. App. 615 [283 Pac. 358].) ■ At the request of respondent, however, the court gave the following instruction: "You are instructed that there is no evidence before you in this case of any contributory neg-

ligence on the part of the plaintiff.'' As the evidence upon this subject was conflicting, the instruction was clearly erroneous. ■ It is the province of the jury to determine the ultimate facts in a case from the evidence introduced, and although it is the function of the judges to declare the law, they are expressly forbidden by the Constitution from charging juries with respect to matters of fact. (24 Cal. Jur., p. 836.) However, an instruction though clearly erroneous may be cured by a subsequent charge. (*Mora* v. *Favilla,* 186 Cal. 199 [199 Pac. 17].) After the case had been submitted, the jury returned to the court and asked to be further instructed on the law of contributory negligence. The court then correctly instructed it as follows: ''The court instructs you that if after a consideration of all of the evidence you should find that the drivers of both cars involved in this collision were guilty of some negligence and that such negligence of both proximately contributed to the happening of the accident, then your verdict must be in favor of the defendant even though the driver of the defendant's car may have been most to blame, for the law does not measure the degree of wrong or fault of negligent persons, and if the plaintiff was negligent in the slightest degree and his fault proximately contributed to the accident, he cannot recover.'' We are of the opinion that this supplementary instruction, coming as it did after the jury had retired, and given at its request, shows that the jury appreciated the conflict in the instructions upon the subject, and whatever doubt may have been in the minds of its members was set at rest by this final instruction on the subject. It seems to us that to hold otherwise would be to attribute to the members of the jury lack of ordinary intelligence.

■ Appellant further complains that the trial court committed error in instructing the jury upon the doctrine of the last clear chance, it being claimed that the evidence did not justify such an instruction. Defendant's own testimony shows that she had knowledge of the dangerous situation of plaintiff and could have stopped her car within a few feet and thus avoided the accident, but she elected to increase her speed and in this manner attempt to avoid a collision. Under these circumstances the instruction was a proper one, as it was for the jury to say whether or not defendant exercised ordinary care to avoid the collision. We are of the

further opinion that the instructions upon this subject were proper in form.

■ And, finally, it is claimed that the court committed error in instructing the jury as to the rate of speed which applied at the intersection in question, contrary to the law in effect at the time of the accident. The court advised the jury in two instructions that the maximum speed limit allowed by law for plaintiff to operate his automobile at the time and place of the accident while entering or passing through the intersection in question was fifteen miles an hour. These instructions are conceded to be correct. The court had previously instructed the jury in substance that if it found from a preponderance of the evidence that plaintiff was guilty of violating the speed limit of *twenty* miles an hour in traversing the intersection, he would not be precluded from a recovery merely by reason of such violation unless it further found that such violation, if any, proximately contributed to the collision, or was one of the proximate causes of the collision; and even if he was exceeding the speed limit of *twenty* miles an hour in traversing the intersection, unless such excessive speed was one of the proximate causes of the collision, he was not precluded from a recovery. It is claimed that the giving of this instruction constituted error, as the rate of speed allowed at the intersection was fifteen and not twenty miles an hour. The instruction is merely one on proximate cause, and the rate of speed mentioned therein is of no consequence. The instruction would be proper no matter what rate of speed was stated. Although an automobile may be traveling at a rate of speed prohibited by law, unless the excessive speed of the car is the proximate cause of the injury complained of, the owner is not liable.

The judgment and order are affirmed.