[Civ. No. 11090.  First Appellate District, Division Two.—April 25, 1940.]

ISAAC KESSLER, Respondent, v. THE CUDAHY PACK-ING COMPANY (a Corporation) et al., Appellants.

M. Anderson Thomas and Don Carlos Barrett for Appellants.

Nichols & Richard and Kessler & Kessler for Respondent.

NOURSE, P. J.—Plaintiff sued for personal injuries caused from falling from a set of steps on defendants' premises. These steps were hung on movable metal brackets at the top with the bottom resting upon the ground. They were maintained for the benefit and use of the employees of the plant, but were frequently used by customers instead of the regular stairway provided for them. Plaintiff was one of such customers who used the portable steps because they were more convenient in reaching his parked automobile. Two witnesses called by him testified the steps were wobbly and unsafe and had been in that condition for several months before the accident. One testified that he had always used them with fear because of their condition. The plaintiff then took the stand in his own behalf and denied this testimony, stating that he had used the steps three or four times a week for several months before the accident, that they appeared solid, and that he had not noticed at any time that they were wobbly or shaky. The jury must have believed the latter testimony when they rendered their verdict holding the defendants liable. We cannot say that it is wholly incredible when the trial judge, who heard all the evidence, let the verdict stand.

The issue raised by appellants is the error in the modification of their proposed instruction whereby the court struck out the portion reading: ''When the perilous instrumentality is known to the owner or occupant and not to the person injured, a recovery is permitted, but there is no liability for injuries from the dangers that are obvious or as well known to the person injured as to the owner or occupant.''

The proposed instruction was a correct statement of the law and should have been given. The rule is stated in 20 Ruling Case Law, pages 56 and 57, as follows: ''The law is well settled that an owner or occupant of land who by invitation, express or implied, induces or leads others to go upon premises for any lawful purpose is liable for injuries occasioned by the unsafe condition of the land or its approaches, if such condition was known to him and not to them. . . . The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger there-

from to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted. . . . And, hence, there is no liability for injuries from dangers that are obvious, or as well known to the person injured as to the owner or occupant.''

California cases in accord with this rule are *Mautino* v. *Sutter Hospital Assn.*, 211 Cal. 556, 560 [296 Pac. 76]; *Shanley* v. *American Olive Co.*, 185 Cal. 552, 555 [197 Pac. 793]; *Blodgett* v. *B. H. Dyas Co.*, 4 Cal. (2d) 511, 512 [50 Pac. (2d) 801]; *Alexander* v. *Wong Yick*, 25 Cal. App. (2d) 265, 267 [77 Pac. (2d) 476].

The respondent, though failing to concede the rule, replies that the omitted portion of the proposed instruction was covered by other instructions given. Attention is directed to that reading: ''He (the owner) is not liable for injuries to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care by the invitee.'' Also to the portion of the instruction reading: ''If you find that Mr. Kessler stepped on the steps without using ordinary care to observe their condition, then this constituted contributory negligence on his part.''

The respondent argues that this instruction cured the asserted error. The appellants say that the instructions are hopelessly inconsistent and misleading. Both sides indulge in speculation as to what part, if any, of the instructions were followed by the jury. The appellants cite *Chidester* v. *Consolidated P. Ditch Co.*, 53 Cal. 56, *Noce* v. *United Railroads*, 53 Cal. App. 512 [200 Pac. 819], and *Gaster* v. *Hinkley*, 85 Cal. App. 55 [258 Pac. 988], all reversing judgments because of conflicting instructions upon material issues. Respondent cites *Alloggi* v. *Southern Pac. Co.*, 37 Cal. App. 72 [173 Pac. 1117], *Silveira* v. *Siegfried*, 135 Cal. App. 218 [26 Pac. (2d) 666], and *Callet* v. *Alioto*, 210 Cal. 65 [290 Pac. 438], in support of his argument that whenever the law is correctly stated in some portion of the instructions the conflict with other portions should be disregarded as nonprejudicial. We know of no rule or standard by which an appellate court can determine as a matter of law that a jury did or did not permit itself to be misguided by an erroneous instruction and counsel have not cited any authorities which would give light on that subject. The cases herein referred

to are completely out of harmony if the two instructions are in direct conflict—the one stating the correct rule of law, the other the incorrect. But, a careful reading of the instructions as a whole, together with those proposed by appellants and either modified or given substantially as requested, satisfies us that the conflict is more fancied than real. At appellants' request the trial court endeavored to give the jury the three elements above noted which would have relieved them from legal liability—actual notice of the danger by the invitee, obvious danger which should have been seen, and danger which might have been seen by reasonable diligence and care. In the instruction appearing on page 481 of the transcript, given at appellants' request, the court covered the last two elements; in that appearing on page 523 the element of actual knowledge was covered. ■ If the appellants had desired all these elements mentioned in one paragraph of the instructions they should have prepared their requests accordingly. But when instructions are proposed which cover separately several elements of a material rule of law we do not know of any authority requiring the trial judge to re-edit and reconstruct the various proposals and combine them into one or more paragraphs so that all elements of the rule, and all its exceptions, are given to the jury at the same time or in the same paragraph. Counsel may avoid confusion in that respect by composing the proposed instructions in the desired manner.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 21, 1940, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 24, 1940.