[Civ. No. 11423.  First Appellate District, Division Two.—October 8, 1940.]

EDWARD J. MORTON et al., Respondents, v. MANHAT-
TAN LUNCH COMPANY (a Corporation), Appellant.

Victor Hyatt, John H. Fleming and S. Norman Hays for Appellant.

Ernest I. Spiegl for Respondents.

NOURSE, P. J.—The defendant has appealed from a judgment upon the verdict in favor of plaintiffs for $1,750.

The defendant was the occupant of premises upon which it operated a restaurant. Plaintiff wife entered the place for lunch, and, after eating, went up a stairway leading to a mezzanine floor to reach the rest room. This stairway was three feet, six inches wide, equipped with a handrail on each side. The steps were covered with linoleum held in place by brass strips fastened by screws or brads to form a nose for each tread. Some of these brass strips had become worn from use causing them in places to be elevated above the linoleum about three-sixteenths of an inch. As plaintiff wife was returning down the stairs her foot caught in some obstruction at about the second or third step from the top, and the resulting fall brought about her injuries.

The defendant and appellant contends that there was no evidence showing any negligence on its part which was a proximate cause of respondent wife's injuries. The direct evidence of negligence is extremely meager, and the verdict must depend to a large extent upon the inferences coming from this evidence. Proof was made of the dangerous condition of the stairway; that this was known to the owner

through knowledge of an employee; was not known to the respondent; and was not an obvious danger. There was no evidence of contributory negligence on the part of respondent wife. The question is left whether the inferences coming from these facts were sufficient to support the judgment.

The liability of the owner or occupant of premises to an invitee for injuries occasioned by the unsafe condition of the premises is fully discussed in 20 Ruling Case Law at page 57. It is there said that: ''The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted.'' Hence, a recovery cannot be had when the owner or occupant has no knowledge of the danger, where the plaintiff has such knowledge, where the danger is obvious, or where the plaintiff is guilty of contributory negligence. (*Kessler* v. *Cudahy Packing Co.*, 38 Cal. App. (2d) 607 [102 Pac. (2d) 362].)

It is not necessary to recovery that the plaintiff prove all these elements, or that he prove any one of them by direct and positive evidence. Proof of circumstances from which a reasonable inference may be drawn is sufficient. (*Hamilton* v. *Pacific Electric Ry. Co.*, 12 Cal. (2d) 598, 602 [86 Pac. (2d) 829].) Thus proof that the dangerous condition of the premises was of long standing and was known to the owner, or occupant, supports the inference that he was negligent. This inference of negligence is the more forceful when it follows the proof that the danger was not obvious, and was not known to the party injured.

Such are the inferences which might well have been drawn here upon the undisputed facts proved. The ultimate fact of negligence is one which cannot be proved by direct and positive evidence. The ''fact'' of negligence is but an inference drawn from the facts proved, unless it is the result of one of the established presumptions. (20 R. C. L., p. 181.) Hence, to prove negligence, the plaintiff must rely upon the application of these inferences and presumptions. These inferences constitute a recognized class of indirect evidence which is just as satisfactory evidence of the ultimate fact to be proved as is direct and positive evidence of that fact.

The evidentiary character of an inference such as those mentioned herein is fully discussed in the Hamilton case,

*supra,* and, from the authorities there cited, it must be taken as settled that, when the uncontradicted evidence fairly and reasonably justifies the inference that the owner or occupant of the premises was negligent in permitting their use by an invitee notwithstanding his knowledge of their dangerous condition—a condition which was not obvious and was not known to the invitee—he is liable for the injury resulting.

■ Having proved by these inferences the negligence of the appellant in the maintenance of the premises, and having proved the fall upon the stairs was the cause of her injuries, the respondent was entitled to the presumption that she had exercised due care in walking down the stairs, and hence the inference reasonably followed that appellant's negligence in the maintenance of the stairway in the manner shown was the proximate cause of the injuries.

■ It is equally well settled that when the jury draws from the facts proved the inferences which would support the verdict, and, when the trial judge in denying a motion for new trial permits the verdict to stand, the appellate court may not disturb the judgment by drawing other inferences which to the appellate court may seem reasonable. (10 Cal. Jur., p. 735 et seq.)

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 5, 1940.