[Civ. No. 17391. First Dist., Div. One. Dec. 10, 1957.]

JANE SEEFELDT et al., Appellants, v. PACIFIC GREY-HOUND LINES (a Corporation) et al., Respondents.

854

Nicholas Zoller for Appellants.

Carroll, Davis & Burdick and Carroll, Davis, Burdick & McDonough for Respondents.

WOOD (Fred B.), J.—The collision occurred on August 21, 1954, about 5:45 a. m., in the intersection of Highway 101, a north-south two-lane arterial at this point, and Fulton Road, an east-west county road. Defendant Macomber was driving a Greyhound bus southerly on 101. The plaintiffs' son Raymond was riding in a passenger car which had approached 101 on Fulton from the west. Raymond and one Robert Little, the driver of the passenger car, died from injuries sustained in the accident.

Verdict was given and judgment rendered in favor of defendants Macomber and Pacific Greyhound Lines. In support of their appeal, plaintiffs claim prejudicial error in the giving of certain instructions on negligence and the refusal to give their requested instruction on the basic speed law.

(1) *Certain instructions bearing upon the question of possible concurrent negligence of the drivers of the two vehicles are questioned by the plaintiffs.*

They first complain of the following instruction: "Where the evidence is as consistent with neglect of duty or care on the part of the plaintiff's automobile operator as it is with the neglect of duty or care on the part of the defendants, then the plaintiffs cannot recover." (Defendants' Instruction

No. 15.) Out of context, this instruction seems to disregard the possibility of defendants' liability in the case of concurring negligence on the part of both drivers causing the collision, but it followed two instructions on the burden of proof, and could reasonably have been understood to have related to that subject, requiring a verdict for defendants if plaintiffs had not proved by a preponderance of the evidence that defendants were guilty of negligence.

Plaintiffs also complain of defendants' instructions Numbers 7 and 11, for the same reason. Number 7 read in part: "And should you find from the evidence in this action that the said Robert Little failed to yield the right-of-way to the said Macomber, and that at the time Robert Little was about to cross said through highway, the bus driven by defendant Macomber was so close to said intersection as to constitute an immediate hazard; and should you further find that the conduct of Robert Little proximately caused the happening of the accident, then you should render your verdict in favor of the defendants."

Number 11 read: "Should you find from the evidence that the vehicle in which the decedent, Raymond Seefeldt, was an occupant, immediately before this accident was operated in violation of the statutes, and that the violation of the statutes proximately caused the happening of the accident, your verdict should be for the defendants."

Plaintiffs say that both instructions are fatally defective because they omitted the word "solely" before "proximately caused."

Number 11 was immediately followed by this instruction: "If you find that the driver of the vehicle in which Ray Seefeldt was riding was negligent, and that his negligence was the sole proximate cause of the accident, and of the death complained of, then, in that event, it is your duty to return a verdict in favor of the defendants." Also, in an earlier instruction the jury were informed: "This does not mean that the law seeks and recognizes only one proximate cause of an injury, consisting of only one factor or one element. To the contrary, the acts and omissions of two or more persons may work concurrently as the efficient cause of an injury, and in such case each of the participating acts or omissions is regarded in law as a proximate cause."

It appears to us that defendants' instructions 15, 7 and 11 introduced an element of conflict and confusion which if not corrected would have been cause for reversal. (See *Buttrick* v.

*Pacific Elec. Ry. Co.*, 86 Cal.App. 136, 141-142 [260 P. 588];
*Soda* v. *Marriott*, 118 Cal.App. 635, 642-643 [5 P.2d 675];
*Torvend* v. *Patterson*, 136 Cal.App. 120 [28 P.2d 413].) However, the jury after commencing its deliberations returned to
the courtroom for clarification. They asked: "We want to
know if the Little car was negligent and the bus was, can we
bring in a double verdict that isn't covered on this?"

The court responded: "Well, I might say, as I have in-
structed you before, if you find that the Greyhound bus was
negligent, and that their negligence proximately contributed
to the cause of this accident, you may return a verdict against
them. You see? They are the only party to this action against
whom you might return a verdict. The driver of the other car
is not a party to this action. And, as I told you also previously,
as I instructed you, if you find the driver of the Plymouth,
or the Little car, as you referred to it, was negligent, his
negligence is not imputable to the guest in his car. So this
action is just an action between the parents of the Seefeldt
boy and the Greyhound Bus Company. So that if you find
that the Greyhound Bus Company was negligent, and their
negligence contributed to the accident, then you can return
a verdict against them, even if you find both were negligent;
the negligence of the Greyhound bus that contributed to the
accident would be sufficient to hold them."

Thereby, we think, the court erased the error. The
applicable principle was well expressed in *Martin* v. *Vierra,*
34 Cal.App.2d 86, 92 [93 P.2d 261]: "The governing rule
is that the giving of conflicting instructions does not serve as
ground for reversal where it appears that the jury was not
misled thereby . . .; and manifestly this is such a case, for as
will be seen from the foregoing, the jury itself noted the
conflict before it reached an agreement on the merits, and
upon returning into court it was not only correctly instructed
on the doubtful point but as shown by the record the con-
fusion which had theretofore apparently arisen by reason of
the conflict was clarified to the satisfaction of the jury before
it again returned to deliberate upon its verdict." (See also
*Silveira* v. *Siegfried,* 135 Cal.App. 218, 221 [26 P.2d 666].)

(2) *Did the trial court commit prejudicial error when in-
structing as to the negligence, if any, of plaintiffs' son?*

 The court instructed that the negligence, if any, of the
driver of the Little car "may not be imputed to Ray Seefeldt,
Jr., and, therefore, you shall find that there is no contributory
negligence on the part of Ray Seefeldt, Jr.," explaining that

under certain circumstances the negligence, if any, of a driver is imputed to a guest "but there are none of those circumstances here."

A few paragraphs later the court gave this instruction: "Even where the negligence of the driver of a vehicle is not to be imputed to a passenger, the passenger nonetheless is bound to exercise ordinary care for his own safety and he may not shut his eyes to an obvious danger, he may not blindly rely on the driver in approaching a place of danger." This was a correct instruction if the evidence warranted the giving of an instruction upon that subject. (See *Howard* v. *Alta Chevrolet Co.*, 111 Cal.App.2d 38, 43 [243 P.2d 804]; also, *Parmenter* v. *McDougall*, 172 Cal. 306, 309 [156 P. 460]; *Thompson* v. *Los Angeles etc. Ry. Co.*, 165 Cal. 748, 753 [134 P. 709].)

Defendants say that the giving of such an instruction was proper in view of the testimony of Raymond's father that Raymond was familiar with the intersection where the accident occurred and evidence that the car in which he was riding did not stop or pause but picked up speed as it approached Highway 101 despite the "Stop" sign posted on Fulton Road near the intersection. The cases last cited tend to support the giving of such an instruction under such circumstances save for the fact that they were personal injury not death cases and the individuals concerned could testify as to their conduct. That does not appear to be a differentiating factor.

In *Martindale* v. *Atchison, T. & S. F. Ry. Co.*, 89 Cal.App.2d 400 [201 P.2d 48] (hearing by Supreme Court denied), a car collided with a train. Two of the three passengers of the car were killed and one was unable to remember anything about the accident. There were no eyewitnesses but from the physical evidence an inference of negligence on the part of the driver was justified. The court held that the contributory negligence of the passengers was properly submitted to the jury. *Lugo* v. *Atchison, T. & S. F. Ry. Co.*, 128 Cal. App.2d 402, 406 [275 P.2d 605], also approved the giving of instructions on contributory negligence of the passenger when both the driver and passenger were dead. In *Miller* v. *Peters*, 37 Cal.2d 89 [230 P.2d 803], the passenger testified she did not see the bus before the collision and the court stated in dicta that "other factors in evidence relating to the speed of the son's automobile and the manner in which he was driving immediately prior to the accident would justify submitting

to the jury the matter of the mother's [passenger's] contributory negligence for determination as a question of fact under all the circumstances of the case." (P. 96.)

Plaintiffs rely heavily upon *Buttrick* v. *Pacific Elec. Ry. Co., supra,* 86 Cal.App. 136. In that case, the plaintiff was injured while walking with a Mr. Weeks. The court instructed that " 'If you believe that the plaintiff, or Mr. Weeks, being in a place of safety, suddenly went on the track or so close thereto as to be in danger of being struck by a passing car, then plaintiff cannot recover.' " (P. 139.) There was no evidence that plaintiff was on the car track or so close to it as to be in danger of being hit by defendants' car; there was no evidence of a relationship between plaintiff and Weeks such that Weeks' negligence would be imputed to plaintiff; and the instruction omitted what the motorman was doing at the time foreclosing the possibility of concurring negligence. The court held the instruction was erroneously given. The case is not comparable to the present one. The instruction here given clearly relates to Seefeldt's negligence alone.

Plaintiffs quote a passage from *Westberg* v. *Willde,* 14 Cal. 2d 360, 367 [94 P.2d 590], to the effect that there is a substantial difference between a case in which a plaintiff's negligence is in issue and a case in which the conduct of a decedent is an issue. There, the question was whether it was proper to instruct the jury that the decedent is presumed to have exercised ordinary care. That is quite different from the question here involved.

Since the issue of Raymond, Jr.'s negligence was raised in the pleadings and there was some evidence from which his negligence might be inferred, we find no error in the giving of the instruction under discussion.

(3) *Was it prejudicial error to refuse plaintiff's requested instruction on the basic speed law, section 510 of the Vehicle Code?*

■ Plaintiffs requested and the court refused this instruction: "If you find from the evidence that defendant, GEORGE ROSSLAND MACOMBER, was driving the Greyhound bus upon the highway at a speed greater than was reasonable or prudent, having due regard for the traffic on, and the surface and width of, the highway, or at a speed which endangered the safety of the plaintiff, then I instruct you that defendants were negligent." This is a paraphrase of BAJI Number 144. It was inaccurate to refer to the safety of the "plaintiff" instead of the "plaintiffs' son" or other appropriate designation

but that could easily have been corrected and would not justify total rejection.

A more serious question is presented by the substitution of ''plaintiff'' or ''plaintiffs' son'' for ''persons or property'' where the latter expression occurs in BAJI Number 144 and in the statute (Veh. Code, § 510). A jury might well believe that, since the accident did happen, danger to plaintiffs' son was shown and that defendants were negligent as a matter of law.

Defendants criticize the rejected instruction for its failure to include the element of proximate cause. We are not impressed. The element of proximate cause was adequately covered by other instructions. Not every instruction on negligence need also speak of proximate cause.

Under any theory of the case we think the plaintiffs suffered no prejudice, in view of certain instructions given when the jury returned for further advice. The court said in part ''. . . furthermore, you wanted some instructions regarding the caution of a bus on the highway, and I might say that there is no such special law as to a bus. A bus is governed by the same law that governs all vehicles. All vehicles are governed by the same law, so I will read you this:

''It is the duty of a driver of a motor vehicle, using a public highway, to be vigilant at all times, and to keep the vehicle under such control that, to avoid a collision, he can stop as quickly as might be required of him by eventualities that would be anticipated by an ordinarily prudent driver in like position. It is the duty of every person operating a motor vehicle upon a public highway to exercise ordinary care at all times to avoid placing himself or others in danger and to avoid a collision. In other words, he has the duty of ordinary care.''

The only factors added by the rejected instruction are that the jury's attention is specifically directed to the factors of ''the traffic on, and the surface and width of, the highway.'' There is no testimony that would indicate that conditions required going less than 55 miles an hour on this road. The highway was dry and relatively straight. The only evidence concerning other traffic on the road was that of a passenger on the bus; he seemed to recall a logging truck some distance ahead. The highway was a two-lane highway, but this would not seem to make a material difference in this case. The basic question would seem to be whether the bus driver was going too fast to allow for the possibility of cars on side roads running

through the stop signs. This question was adequately covered by instructions that were given.

Moreover, plaintiffs' theory as presented in their opening brief upon this appeal was that the bus was traveling faster than the 55-mile speed limit. Respondents commented thereon in their brief and observed that plaintiffs had tried the case upon that theory in the court below, a statement which plaintiffs have not denied in their closing brief. Significantly, it appears, plaintiffs' instructions on the prima facie speed limit law (Veh. Code §§ 511 and 513) were given by the trial court. The giving of those instructions would seem to have satisfied plaintiffs' theory of the case.

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied January 9, 1958, and appellants' petition for a hearing by the Supreme Court was denied February 5, 1958. Gibson, C. J., Carter, J., and Traynor, J., were of the opinion that the petition should be granted.