[Civ. No. 6285.   Fourth Dist.   Jan. 22, 1960.]

ELEANOR MARTINEZ, Appellant, v. WARREN RUSSELL O'BLENNIS, a Minor, etc., et al., Respondents.

338

Joseph Lewis and Joseph Lawrence Flaig for Appellant.

Miller, Nisson, Kogler & Wenke and Nelson Kogler for Respondents.

MONROE, J. pro tem.*—The plaintiff brought this action for damages for personal injuries received when an automobile in which she was sitting and which was parked upon a highway was struck by an automobile driven by the minor defendant, Warren R. O'Blennis. Judgment was rendered in favor of the defendants upon the verdict of a jury. A motion for new trial having been denied, the plaintiff appeals.

■■■ The plaintiff contends that the evidence established that the defendant was negligent and that there was no negligence on the part of the plaintiff, and that therefore the court erred in submitting the question of contributory negligence to the jury.

The evidence established that plaintiff on February 14, 1958, had been riding in an automobile driven by her husband. They stopped the car at a "teen-age canteen" where plaintiff's husband left the car and went to the canteen to find

---

their son who was attending a dance. The highway was a two-lane road and there was considerable traffic. The evidence indicates that the automobile in which plaintiff was riding was parked at least partly upon the travelled portion of the highway, enough so that it was in the line of approaching traffic. Plaintiff remained in the car. It was nighttime, and whether the lights upon the car were lighted is in dispute. The defendant was driving along the highway at a speed estimated at approximately 30 miles per hour. His evidence was that he did not see the automobile until it was too late to avoid a collision. He faced the lights of approaching vehicle. He testified that a number of cars were passing from the opposite direction, that there was no room to go around plaintiff's automobile, and as a result the collision occurred. Defendant's version of the collision was corroborated in all respects by the testimony of a guest in his car.

It will be seen, therefore, that there was presented to the jury a question of fact as to whether defendant was or was not guilty of negligence and the implied finding of the jury that defendant was not negligent finds ample support in the testimony.

■■■ The defendant's answer alleged that the plaintiff was herself negligent. Her contributory negligence was also determined to be an issue at the pretrial conference. The undisputed fact is that the car was parked in a position where it was in the line of traffic on a two-lane road where considerable traffic was passing. The plaintiff remained in the car parked in such dangerous situation for an appreciable time while her husband left the car and went to find their son. These facts were ample to justify a finding that plaintiff failed to use ordinary care for her own safety and protection. There was therefore no error in submitting the issue of contributory negligence to the jury.

Plaintiff assigns as error the refusal of the trial court to instruct that the negligence of the operator of an automobile could not be imputed to an occupant of the car. Why such assignment of error is made is somewhat puzzling, in view of the fact that the court instructed the jury that the plaintiff was riding in a vehicle which was operated by her husband and that his negligence "may not be imputed to the plaintiff." The court further instructed that the jury could not find against the plaintiff on the ground of contributory negligence "unless you should find that there was personal negligence on her part, that is, some negligent conduct of

her own which contributed as a proximate cause of her injury." No complaint has been made by either party of the giving of this instruction and its correctness is therefore not an issue before this court.

▊ The appellant also assigns as error the refusal of the trial court to give an instruction upon "last clear chance." Although there can be no question but that if the facts justify the giving of such instruction it is error to refuse it, nevertheless, the instruction should not be given unless there is evidence in the record which justifies the submission of such rule to the jury. It is for the court to determine whether there is sufficient evidence to justify the giving of such instruction and in the absence of substantial evidence of the necessary elements the instruction should not be given. (*Doran* v. *City & County of San Francisco,* 44 Cal.2d 477 [283 P.2d 1].) The person alleging that it was error to fail to give such instruction must show that there was evidence in the record sufficient to constitute some substantial evidence of the necessary elements of the rule. (*Alberding* v. *Pritchard,* 97 Cal.App.2d 443 [217 P.2d 1012]; *Hickambottom* v. *Cooper Transp. Co.,* 163 Cal.App.2d 489 [329 P.2d 609]; *Bolton* v. *Martin,* 126 Cal.App.2d 178 [271 P.2d 991].) There must be evidence tending to establish that the defendant, having seen the plaintiff in a position of peril, had a "last clear chance" to avoid the accident. (*Brandelius* v. *City & County of San Francisco,* 47 Cal.2d 729 [306 P.2d 432].)

As has been pointed out, both the defendant and his guest testified that at the time plaintiff's automobile was first visible it was too late to avoid a collision. The record is barren of any evidence to the contrary. In the absence of some substantial evidence to the effect that defendant had a "last clear chance" to avoid the collision, the court was justified in refusing to give such instruction.

▊ The plaintiff submitted a request for an instruction in the language of section 510 of the Vehicle Code. (Basic Speed Law, now Veh. Code, § 22350.) The instruction was not given and plaintiff assigns the refusal as error. It has been held that a plaintiff is entitled to have such instruction given. (*Cavalli* v. *Luckett,* 40 Cal.App.2d 250 [104 P.2d 708]; *Tankersley* v. *Low & Watson Constr. Co.,* 166 Cal. App.2d 815 [333 P.2d 765]; *Seefeldt* v. *Pacific Greyhound Lines,* 155 Cal.App.2d 853 [318 P.2d 723].) In each of the cases cited, however, it was held that where the instructions as a whole sufficiently covered the law as expressed in sec-

tion 510 of the Vehicle Code, there was no substantial error, justifying a reversal, in the failure to give such instruction.

In the case at bar, the court gave to the jury correct and approved instructions defining negligence in general terms. The court further instructed:

"It is the duty of every person using the public highway, whether a pedestrian or the driver or operator of any kind of a vehicle, to exercise ordinary care at all times to avoid placing himself or others in danger and to exercise ordinary care at all times to avoid a collision."

In *Tankersley* v. *Low & Watson Constr. Co., supra,* the court said at page 824:

"Under the instructions given the jury were told that plaintiff was required to use the amount of caution which an ordinarily prudent person, having the same knowledge of danger as the plaintiff had, would have used under the same circumstances. That this would include caution as to the speed at which he was driving seems evident.

"The speed at which it is unlawful to drive a vehicle under section 510 of the Vehicle Code is one which is not reasonable having due regard for the traffic on, and the surface and width of the highway. In other words, it is a speed greater than that at which a person who is exercising requisite caution under the existing circumstances would drive. For all practical purposes the instruction given by the court and which we have quoted above place the same duty upon the plaintiff as would have been placed upon him by the giving of the instruction refused."

It appears, therefore, that the instructions given in the instant case sufficiently and correctly informed the jury of the duty of the defendant to operate his automobile with reasonable care in the light of existing circumstances. The failure to give a specific instruction based upon the provisions of section 510 of the Vehicle Code could not have changed the result. There was nothing in such failure to prevent a fair consideration of the case. Furthermore, a finding of contributory negligence of the plaintiff is implied by the verdict of the jury.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 16, 1960. White, J., did not participate therein.