BENKE, J., concurring.
I concur in both this panel's opinion and the result we have reached. I nonetheless write separately to set forth my views with respect to retrospective application of Penal
Code[1] section 12022.53, subdivision (h), and, in particular, my strongly held opinion that, guided by the Supreme Court in People v. Superior Court (Lara ) (2018) 4 Cal.5th 299, 308, footnote 5, 228 Cal.Rptr.3d 394, 410 P.3d 22 ( Lara ), we should abstain from any further reliance on a presumption of retroactivity when the legislature adopts a measure which lessens or potentially lessens the punishment for a crime.
Relying on In re Estrada (1965) 63 Cal.2d 740, 747-748, 48 Cal.Rptr. 172, 408 P.2d 948 ( Estrada ) and People v. Brown (2012) 54 Cal.4th 314, 324, 142 Cal.Rptr.3d 824, 278 P.3d 1182 ( Brown ), at least two recent cases have concluded that in all nonfinal cases, in the absence of evidence to the contrary, courts must presume the Legislature intends a statutory amendment reducing criminal punishment apply retroactively.[2] There is no such presumption, either in the Penal Code or in the governing law provided to us by the Supreme Court. Indeed, with respect to penal statutes, even those reducing the punishment for certain crimes, our analysis must begin with the contrary presumption. Section 3 clearly states, "No part of (the Penal Code) is retroactive, unless expressly so declared." The presumption of prospective *394 application is not unique to the Penal Code. It appears in identical language in section 3 of the Civil Code and section 3 of the Code of Civil Procedure. "[T]he language of section 3 erects a strong presumption of prospective operation, codifying the principle that, 'in the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature ... must have intended a retroactive application.' [Citations.] Accordingly, ' "a statute that is ambiguous with respect to retroactive application is construed ... to be unambiguously prospective." ' " ( Brown, supra , 54 Cal.4th at p. 324, 142 Cal.Rptr.3d 824, 278 P.3d 1182.)[3] *510 Neither section 12022.53 nor subdivision (h) contain language expressly stating the statute is to be applied retroactively. Therefore, in the absence of evidence to the contrary, the presumption to be applied is that section 12022.53, subdivision (h) is prospective. We may overcome this presumption only by examination of the Legislature's intent in enacting the new statute.[4]
The California Supreme Court recently addressed the application of Estrada. As the court explains in Lara, "We have occasionally referred to Estrada as reflecting a 'presumption.' (E.g., Conley, supra, 63 Cal.4th at p. 656, 203 Cal.Rptr.3d 622, 373 P.3d 435 ; [ Brown, supra ,] 54 Cal.4th ... at p. 324, 142 Cal.Rptr.3d 824, 278 P.3d 1182.) We meant this to convey that ordinarily it is reasonable to infer for purposes of statutory construction the Legislature intended a reduction in punishment to apply retroactively." ( Lara, supra , 4 Cal.5th at p. 308, fn. 5, 228 Cal.Rptr.3d 394, 410 P.3d 22.)[5]
*395 The language of footnote 5 in Lara is significant and merits our careful consideration. "A presumption is an assumption of a fact that the law requires to be made from another fact or group of facts found or otherwise established *511 in an action. A presumption is not evidence." ( Evid. Code, § 600, subd. (a), italics added.) In contrast, an inference is only a "deduction of fact that may logically and reasonably be drawn from another fact or group of facts found or otherwise established in an action." (Id ., subd. (b); see also Morton v. Manhattan Lunch Co . (1940) 41 Cal.App.2d 70, 72, 106 P.2d 212 [an inference is a form of indirect evidence].) Thus, the court's terminology marks an important clarification in the way Estrada is to be applied, and avoids any conflict with section 3. Because, in light of Lara , it is now clear Estrada simply recognized a permissible evidentiary inference, Lara expressly limits the reach of Estrada ; it does not, expand it. (See Evid. Code, § 600.)
As our majority opinion points out, provisions which give trial courts discretion to reduce a sentence previously required by the Penal Code are changes which benefit offenders who committed particular offenses or engaged in particular conduct and, as in Estrada, manifest an intent by the Legislature that such offenders be given the benefit of that discretion in all cases which are not yet final. ( People v. Francis (1969) 71 Cal.2d 66, 76, 75 Cal.Rptr. 199, 450 P.2d 591.) "[T]here is such an inference because the Legislature has determined that the former penalty provisions may have been too severe in some cases and that the sentencing judge should be given wider latitude in tailoring the sentence to fit the particular circumstances." ( Ibid . )
When, as here, a criminal defendant argues he or she is entitled to the benefit of new legislation, we must begin with the contrary presumption, expressly set forth in section 3, that unless there is express language to the contrary, statutes are prospective only. If there is any ambiguity in the new enactment with respect to retroactivity we then resolve that ambiguity by resort to familiar rules of statutory history and construction, including the inference found by the court in Estrada, supra , 63 Cal.2d at p. 745, 48 Cal.Rptr. 172, 408 P.2d 948. (See also Brown, supra , 54 Cal.4th at pp. 324-325, 142 Cal.Rptr.3d 824, 278 P.3d 1182.) As our majority opinion points out, the very discretion now provided by section 12022.53, subdivision (h), creates an inference the Legislature intended that in cases not yet final, offenders subject to the firearm enhancement set forth in section 12022.53 be given the benefit of that discretion. ( People v. Francis, supra , 71 Cal.2d at p. 76, 75 Cal.Rptr. 199, 450 P.2d 591.) That inference is of course bolstered by that portion of section 12022.53, subdivision (h), which now provides that "[t]he authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law ." (Italics added.)
In sum, it is not necessary or legally sound to employ a presumption that is at odds with section 3. The Legislature, in enacting Senate Bill No. 620 *512 2017-2018 Reg. Sess.) has made it *396 clear it intended and expected that its provisions would be applied to all cases pending at the time it became effective, and thus, it is outside the general rule set forth in section 3. (See Brown, supra , 54 Cal.4th at p. 325, 142 Cal.Rptr.3d 824, 278 P.3d 1182.)

All further statutory references are to the Penal Code.

(See People v. Robbins (2018) 19 Cal.App.5th 660, 228 Cal.Rptr.3d 468 ; People v. Woods (2018) 19 Cal.App.5th 1080, 228 Cal.Rptr.3d 318.)

The court in Brown recognized that language in Estrada , if literally or broadly applied, was inconsistent with the principles embodied in section 3. (Brown, supra , 54 Cal.4th at pp. 324-325, 142 Cal.Rptr.3d 824, 278 P.3d 1182.) Accordingly, in Brown, the court expressly limited the scope of Estrada : "Estrada is today properly understood, not as weakening or modifying the default rule of prospective operation codified in section 3, but rather as informing the rule's application in a specific context by articulating the reasonable presumption that a legislative act mitigating the punishment for a particular criminal offense is intended to apply to all nonfinal judgments." (Brown, at p. 324, 142 Cal.Rptr.3d 824, 278 P.3d 1182.) In Brown , the court went on to hold that a temporary increase in good conduct credits an inmate could earn under former section 4019 was not outside the mandate of section 3 and therefore would not be applied retrospectively. (Brown , at p. 325, 142 Cal.Rptr.3d 824, 278 P.3d 1182.) The credits were not mitigation of the punishment for a particular criminal offense, and thus, did not on their face suggest the Legislature intended that they apply to all nonfinal judgments. (Ibid ; see also In re Pedro T. (1994) 8 Cal.4th 1041, 1045, 36 Cal.Rptr.2d 74, 884 P.2d 1022 ["[o]rdinarily when an amendment lessens the punishment for a crime, one may reasonably infer the Legislature has determined imposition of a lesser punishment on offenders thereafter will sufficiently serve the public interest." (Italics added.) ]; accord People v. Nasalga (1996) 12 Cal.4th 784, 792, 50 Cal.Rptr.2d 88, 910 P.2d 1380.)

The Supreme Court has been at some pains to emphasize for us that the question of whether a statute is to be given retrospective application is a matter of legislative intent. (See In re Pedro T ., supra , 8 Cal.4th at pp. 1046-1047, 36 Cal.Rptr.2d 74, 884 P.2d 1022 ; People v. Nasalga, supra , 12 Cal.4th at pp. 793-794, 50 Cal.Rptr.2d 88, 910 P.2d 1380 ; People v. Conley (2016) 63 Cal.4th 646, 657-659, 203 Cal.Rptr.3d 622, 373 P.3d 435 ; Brown, supra , 54 Cal.4th at p. 324, 142 Cal.Rptr.3d 824, 278 P.3d 1182 and Lara, supra , 4 Cal.5th at p. 308.) Indeed, in Estrada itself, the court emphasized: "The problem," we explained, "is one of trying to ascertain the legislative intent-did the Legislature intend the old or new statute to apply?" (Estrada, supra , 63 Cal.2d at p. 744, 48 Cal.Rptr. 172, 408 P.2d 948.)

Indeed, quite recently in People v. DeHoyos (Mar. 12, 2018, S228230) --- Cal.5th ---- [2018 LEXIS 1496] (DeHoyos ), such an occasion once again arose and the Supreme Court once again made reference to an "Estrada presumption," but nonetheless found no general retroactive application of the reduction of theft and drug crimes to misdemeanors as provided in Proposition 47 adopted by voters in 2014 because of the inference to be drawn from a procedure set forth in the proposition by which those serving felony sentences could have their convictions reduced by the trial court which imposed the sentence. (DeHoyos, supra , ---Cal.5th at ----.) I interpret these references in DeHoyos to a "presumption" to mean, as the court in Lara stated, the reasonable inference which arises when ameliorative penal statutes are enacted.