BENKE, J., Concurring.
I concur with my colleagues on the issue of retroactivity of Penal Code [1] section 12022.53, subdivision (h). However, I do so *64 by way of application of the inference recently recognized by our Supreme Court in People v. Superior Court (Lara ) (2018) 4 Cal.5th 299, 308, footnote 5, 228 Cal.Rptr.3d 394, 410 P.3d 22 ( Lara ). Based on what I believe to be guidance in Lara , I would abandon application of a "presumption" of retroactivity in Penal Code statutes that reduce sentences. On all remaining issues, I agree with my colleagues.
Relying on In re Estrada (1965) 63 Cal.2d 740, 48 Cal.Rptr. 172, 408 P.2d 948 ( Estrada ), *715 People v. Brown (2012) 54 Cal.4th 314, 142 Cal.Rptr.3d 824, 278 P.3d 1182 ( Brown ), and recent case law,[2] my colleagues conclude section 12022.53, subdivision (h) must be applied retroactively. These cases, and apparently the majority as well, conclude that in all nonfinal cases, in the absence of evidence to the contrary, courts may presume the Legislature intends a statutory amendment reducing criminal punishment apply retroactively.[3] This is where I part company with my colleagues. There is no such presumption, either in the Penal Code or in the governing law provided to us by the Supreme Court. Indeed, with respect to penal statutes, even those reducing in general the punishment for crimes, our analysis must begin with the contrary presumption. Section 3 clearly states, "No part of (the Penal Code) is retroactive, unless expressly so declared."[4] "[T]he language of section 3 erects a strong presumption of prospective operation, codifying the principle that, 'in the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature ... must have intended a retroactive application.' [Citations.] Accordingly, ' "a statute that is ambiguous with respect to retroactive application is construed ... to be unambiguously prospective." ' " ( Brown, at p. 324, 142 Cal.Rptr.3d 824, 278 P.3d 1182.)[5] *65 *716 Neither section 12022.53 nor subdivision (h) contain language expressly stating the statute is to be applied retroactively. Therefore, in the absence of evidence to the contrary, the presumption to be applied is that section 12022.53, subdivision (h) is prospective. We may overcome this presumption only by examination of the Legislature's intent in enacting the new statute.[6]
The California Supreme Court recently addressed the application of Estrada. As the court explains in Lara, "We have occasionally referred to Estrada as reflecting a 'presumption.' (E.g., [ People v. ] Conley [ (2016) ] 63 Cal.4th [646] at p. 656 [203 Cal.Rptr.3d 622, 373 P.3d 435] ; [ Brown, supra ,] 54 Cal.4th ... [at p.] 324 [142 Cal.Rptr.3d 824, 278 P.3d 1182].) We meant this to convey that ordinarily it is reasonable to infer for purposes of statutory construction the Legislature intended a reduction in punishment to apply retroactively." ( Lara, supra , 4 Cal.5th at p. 308, fn. 5, 228 Cal.Rptr.3d 394, 410 P.3d 22 ; see People v. Dehoyos (2018) 4 Cal.5th 594, 229 Cal.Rptr.3d 687, 412 P.3d 368.)
My colleagues conclude that in footnote 5 of Lara , the Supreme Court has instructed that the terms "presumption" and "inference" should be read as interchangeable and in footnote 5, the Supreme Court has expressed a desire we use the term "inference" to mean both. (See maj. opn., p. ----, fn. 21.) Thus, the majority treats the terms as the same for purposes of their analysis, and chooses to use the term "inference." Superficially, this might lead to the conclusion we are in agreement that the use of inferences controls the outcome of the issue here. However, if I am correct, that the majority believes the terms are interchangeable, and an inference is a presumption, we are in stark disagreement. I choose to analyze the majority opinion as applying a "presumption" of retroactivity as does Robbins and employ the definitions directed by the Evidence Code.
"A presumption is an assumption of a fact that the law requires to be made from another fact or group of facts found or otherwise established in an *717 action. A presumption is not evidence." ( Evid. Code, § 600, subd. (a), italics added.) In contrast, an inference is only a "deduction of fact that may logically and reasonably be drawn from another fact or group of facts found or otherwise established in an action." (Id ., subd. (b); see Morton v. Manhattan Lunch Co. (1940) 41 Cal.App.2d 70, 72, 106 P.2d 212 [an inference is a form of indirect evidence].) Thus, for me, the court's terminology marks an important clarification in the way Estrada is to be applied, and avoids any conflict with section 3. Because, in light of Lara , it is now clear Estrada simply recognized a permissible evidentiary inference , Lara expressly limits the reach of Estrada ; it does not, as my colleagues suggest, expand Estrada . (See Evid. Code, § 600 ; maj. opn. at p. ----.)
At this point, especially in light of Lara , I do not think it is appropriate to restrict our analysis to application of a presumption that ameliorative changes in penal statutes must be applied retroactively. Rather, when, as here, a criminal defendant *66 argues he or she is entitled to the benefit of new legislation, we must begin with the contrary presumption, expressly set forth in section 3, that unless there is express language to the contrary, statutes are prospective only. If there is any ambiguity in the new enactment with respect to retroactivity, we then resolve that ambiguity by resort to familiar rules of statutory history and construction, including the inference found by the court in Estrada, supra , 63 Cal.2d at page 745, 48 Cal.Rptr. 172, 408 P.2d 948. (See Brown, supra , 54 Cal.4th at pp. 324-325, 142 Cal.Rptr.3d 824, 278 P.3d 1182.)
Turning to Senate Bill No. 620 (SB 620), I note the discretion section 12022.53, subdivision (h) now provides trial courts is not a certain reduction in punishment. However, provisions which give trial courts discretion to reduce a sentence previously required by the Penal Code are nonetheless changes which benefit offenders who committed particular offenses or engaged in particular conduct and, as in Estrada, manifest an intent by the Legislature that such offenders be given the benefit of that discretion in all cases which are not yet final. ( People v. Francis (1969) 71 Cal.2d 66, 76, 75 Cal.Rptr. 199, 450 P.2d 591.) "[T]here is such an inference because the Legislature has determined that the former penalty provisions may have been too severe in some cases and that the sentencing judge should be given wider latitude in tailoring the sentence to fit the particular circumstances." ( Ibid . ) In sum then, the very discretion now provided by section 12022.53, subdivision (h) creates an inference the Legislature intended that in cases not yet final, offenders subject to the firearm enhancement set forth in section 12022.53 be given the benefit of that discretion. ( Francis, at p. 76, 75 Cal.Rptr. 199, 450 P.2d 591.)
The discretion which the Legislature provided trial courts is not the only indication the Legislature intended retrospective application of SB 620. Section 12022.53, subdivision (h) states that "[t]he authority provided by *718 this subdivision applies to any resentencing that may occur pursuant to any other law ." (Italics added.) By its express terms, this provision extends the benefits of SB 620 to defendants who have exhausted their rights to appeal and for whom a judgment of conviction has been entered but who have obtained collateral relief by way of a state or federal habeas proceeding. This extension of SB 620 is a further expression by the Legislature of its understanding that the new version of section 12022.53, subdivision (h) would also be applied to all cases which were not final at the time it became effective. It is difficult to perceive a rationale for giving relief to a defendant whose judgment might be several years old, but who was a successful habeas litigant and provide no relief to a defendant whose conviction was entered in a trial court as recently as December 29, 2017. We assume the Legislature was well aware of this unfair result if the statute was not retroactive.
In sum, it is not necessary or legally sound to employ a presumption that is at odds with section 3. The Legislature, in enacting SB 620 has made it clear it intended and expected that its provisions would be applied to all cases pending at the time it became effective and, thus, it is outside the general rule set forth in *67 section 3. (See Brown, supra , 54 Cal.4th at p. 325, 142 Cal.Rptr.3d 824, 278 P.3d 1182.)

Further statutory references are to the Penal Code unless otherwise indicated.

See People v. Robbins (2018) 19 Cal.App.5th 660, 228 Cal.Rptr.3d 468 (Robbins ).

In Robbins , the court, which did not have the benefit of Lara , stated in full: "Unless there is evidence to the contrary, courts presume that the Legislature intends for a statutory amendment reducing criminal punishment to apply retroactively in cases that are not yet final on appeal. [Citations.] This presumption is applied not only to amendments reducing a criminal penalty, but also to amendments giving the trial court discretion to impose a lesser penalty. [Citation.]" (Robbins, supra , 19 Cal.App.5th at p. 678, 228 Cal.Rptr.3d 468.) The majority cite Robbins with approval and rely upon it. (Maj. opn., at p. 62-63.)

The presumption of prospective application is not unique to the Penal Code. It appears in identical language in section 3 of the Civil Code and section 3 of the Code of Civil Procedure. The Welfare and Institutions Code, which is the subject of analysis in Lara , contains no such provision, hence there is no presumption of prospective application involved in Lara . Rather, Lara begins with a discussion concerning the ameliorative effects expressly intended for juveniles in the whole of the Welfare and Institutions Code. (Lara, supra , 4 Cal.5th at p. 307, 228 Cal.Rptr.3d 394, 410 P.3d 22, citing Estrada, supra , 63 Cal.2d at p. 744, 48 Cal.Rptr. 172, 408 P.2d 948.) The court thus finds there is a clear and express legislative intent to credit juveniles with all available reform benefits. Therefore, the court notes that Estrada is not on point because it applies to the question of retroactivity of penal statutes. The rationale of Estrada, however, does apply. As footnote 5 instructs, Estrada 's rationale as to whether the Legislature intends that a statute reducing sentences is applied retroactively, depends on the evidence drawn from all of the circumstances surrounding passage of the new statute. (Lara, at p. 308, fn. 5, 228 Cal.Rptr.3d 394, 410 P.3d 22.)

The court in Brown recognized that language in Estrada , if literally or broadly applied, was inconsistent with the principles embodied in section 3. (Brown, supra , 54 Cal.4th at pp. 324-325, 142 Cal.Rptr.3d 824, 278 P.3d 1182.) Accordingly, in Brown, the court expressly limited the scope of Estrada : "Estrada is today properly understood, not as weakening or modifying the default rule of prospective operation codified in section 3, but rather as informing the rule's application in a specific context by articulating the reasonable presumption that a legislative act mitigating the punishment for a particular criminal offense is intended to apply to all nonfinal judgments." (Brown, at p. 324, 142 Cal.Rptr.3d 824, 278 P.3d 1182.) In Brown , the court went on to hold that a temporary increase in good conduct credits an inmate could earn under former section 4019 was not outside the mandate of section 3 and therefore would not be applied retrospectively. (Brown , at p. 325, 142 Cal.Rptr.3d 824, 278 P.3d 1182.) The credits were not mitigation of the punishment for a particular criminal offense and thus did not on their face suggest the Legislature intended that they apply to all nonfinal judgments. (Ibid. ; see In re Pedro T. (1994) 8 Cal.4th 1041, 1045, 36 Cal.Rptr.2d 74, 884 P.2d 1022 ["[o]rdinarily when an amendment lessens the punishment for a crime, one may reasonably infer the Legislature has determined imposition of a lesser punishment on offenders thereafter will sufficiently serve the public interest"], italics added; accord, People v. Nasalga (1996) 12 Cal.4th 784, 792, 50 Cal.Rptr.2d 88, 910 P.2d 1380.)

The Supreme Court has been at some pains to emphasize for us that the question of whether a statute is to be given retrospective application is a matter of legislative intent. (See In re Pedro T ., supra , 8 Cal.4th at pp. 1046-1047, 36 Cal.Rptr.2d 74, 884 P.2d 1022 ; People v. Nasalga, supra , 12 Cal.4th at pp. 793-794, 50 Cal.Rptr.2d 88, 910 P.2d 1380 ; People v. Conley (2016) 63 Cal.4th 646, 657-659, 203 Cal.Rptr.3d 622, 373 P.3d 435 (Conley ); Brown, supra , 54 Cal.4th at p. 324, 142 Cal.Rptr.3d 824, 278 P.3d 1182 ; Lara, supra , 4 Cal.5th at p. 308, 228 Cal.Rptr.3d 394, 410 P.3d 22.) Indeed, in Estrada itself, the court emphasized: "The problem," we explained, "is one of trying to ascertain the legislative intent-did the Legislature intend the old or new statute to apply?" (Estrada, supra , 63 Cal.2d at p. 744, 48 Cal.Rptr. 172, 408 P.2d 948.)